986 So.2d 1036 (2008)
Harvey Daniel HASTY, Mack Arthur Hasty, Louis Gene Hasty, Hugh Allen Hasty, Roger Wayne Hasty, Plezy Leon Hasty, Beverly Lorraine Hasty, and Timothy Wayne Hasty, Individually and as the Wrongful Death Beneficiaries of Arthur I. Hasty, Appellants
v.
Yoshinobu NAMIHIRA, M.D., and the Better Living Clinic-Endoscopy Center, P.A., Appellees.
No. 2006-CA-00473-COA.
Court of Appeals of Mississippi.
January 22, 2008.
Rehearing Denied May 6, 2008.
*1037 Tim Waycaster, attorney for appellants.
R.E. Parker, Jr., Clifford C. Whitney, III, Vicksburg, attorneys for appellees.
Before KING, C.J., BARNES and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. The wrongful death beneficiaries of *1038 Arthur I. Hasty[1] appeal the decision of the Warren County Circuit Court, denying their motion for relief from judgment and their motion to reconsider the trial court's Rule 41 of the Mississippi Rules of Civil Procedure dismissal of the Hastys' medical malpractice suit. On appeal, the Hastys assert the following issues:
(1) Whether there was substantial evidence to support the trial court's decision to dismiss the case for failure to prosecute;
(2) Whether the prejudice to the Hastys outweighed the prejudice, if any, to Dr. Namihira; and
(3) Whether the trial court abused its discretion in denying the Hastys' motion for relief from the judgment, pursuant to Rule 60 of the Mississippi Rules of Civil Procedure.
Finding no error, we affirm.

FACTS
¶ 2. On March 8, 2001, the Hastys filed a wrongful death suit in the Warren County Circuit Court against Dr. Yoshinobu Namihira and his clinic, the Better Living Clinic  Endoscopy Center, P.A.[2] On July 1, 2003, the trial court issued notice of a pending Rule 41 dismissal due to the lack of action on the case.
¶ 3. Attorney Tim Waycaster responded to the Rule 41 notice of dismissal on August 4, 2003, by sending a letter to the judge, which addressed the circumstances of the Hastys' delay in proceeding with the case. The letter explained that the attorney, who had been responsible for the case, had left the firm a year earlier, but she did not accomplish her withdrawal as counsel until shortly before the letter was written. He informed the trial court that he would file an entry of appearance as soon as the trial court allowed the previous attorney to withdraw from the case. Waycaster noted to the judge that the Hastys had made efforts to advance the case as evidenced by their discussions with experts and depositions of parties. Waycaster requested that the trial court allow the case to remain on the active docket.
¶ 4. In an August 6, 2003, letter, Dr. Namihira indicated support for the trial court's proposed dismissal. However, the trial court did not enter an order of dismissal, and the case remained on the active docket.
¶ 5. Approximately a year later, on August 18, 2004, Dr. Namihira filed a motion to dismiss the case for failure to prosecute. The trial court did not receive any response from the Hastys within the ten days provided by Rule 4.03 of the Uniform Rules of Circuit and County Court Practice. Therefore, the trial court dismissed the case without prejudice for failure to prosecute, pursuant to Rule 41 of the Mississippi Rules of Civil Procedure and Section 11-53-25 of the Mississippi Code Annotated (Rev.2002). The trial court found that, having issued a notice of pending Rule 41 dismissal on July 1, 2003, the Hastys failed to take any action or show any good cause for delay since March 15, 2002.
¶ 6. On November 4, 2004, the Hastys filed a motion to set aside the Rule 41 dismissal. They stated that the failure to respond to Dr. Namihira's August 2004 motion to dismiss was due to the belief that the case had been dismissed in August *1039 2003. The Hastys asserted that the court administrator told them that the case had been dismissed the previous year. After conducting a hearing on the Hastys' motion, the trial court denied the motion. The trial court found that the Hastys failed to establish grounds to set aside a judgment of dismissal under Rule 60(b) of the Mississippi Rules of Civil Procedure. The trial court also found that the Hastys failed to demonstrate good cause for their failure to prosecute the case.
¶ 7. On December 28, 2004, the Hastys filed a motion for relief from judgment and, alternatively, a motion to reconsider the motion to set aside the Rule 41 dismissal. The trial court heard the matter on February 18, 2005, but the order denying the motion for relief from judgment and the motion to reconsider was not entered until February 16, 2006.
¶ 8. On March 17, 2006, the Hastys timely filed this appeal.

STANDARD OF REVIEW
¶ 9. The trial court has the inherent authority to dismiss an action for lack of prosecution. Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990). This Court applies a substantial evidence/manifest error standard of review to the trial court's grant or denial of a motion to dismiss pursuant to Rule 41 of the Mississippi Rules of Civil Procedure. Sanders v. Riverboat Corp., 913 So.2d 351, 354(¶ 8) (Miss. Ct.App.2005) (citing Century 21 Deep S. Properties, Ltd. v. Corson, 612 So.2d 359, 369 (Miss.1992)). Likewise, we will not reverse the trial court's denial of a relief from judgment pursuant to Rule 60 of the Mississippi Rules of Civil Procedure, unless the trial court had abused its discretion. R.N. Turnbow Oil Invs. v. McIntosh, 873 So.2d 960, 963(¶ 12) (Miss.2004).

ANALYSIS

I. Whether there was substantial evidence to support the trial court's decision to dismiss the case for failure to prosecute.

II. Whether the prejudice to the Hastys from the dismissal far outweighs the prejudice, if any, to Dr. Namihira.
¶ 10. The Hastys argue that the trial court erred by dismissing the case for failure to prosecute. In addition, they argue that the prejudice they received greatly outweighed any prejudice to Dr. Namihira. While the Hastys allege these as two separate issues, prejudice is a factor addressed when determining whether dismissal was proper. Therefore, we address these two issues together.
¶ 11. The Hastys attack the trial court's dismissal of their case, asserting the trial court should have found that the delays in the case were justified. The Hastys argue that dismissal of the case is reserved for the most egregious circumstances, and the facts do not support such a finding in this case.
¶ 12. The trial court dismissed the Hastys' case on August 31, 2004. In its order dismissing the case, the trial court found that, having issued a notice of pending Rule 41 dismissal on July 1, 2003, the Hastys "failed to take any action of record to show good cause for the delay of the prosecution of this case since March 15, 2002." The trial court granted the dismissal without prejudice, pursuant to Rule 41(b) and (d) of the Mississippi Rules of Civil Procedure, as well as Section 11-53-25 of the Mississippi Code Annotated (Rev. 2002). It is important to note that the dismissal was without prejudice rather than with prejudice as the Hastys allege.
¶ 13. Dr. Namihira asserts that the trial court was justified in dismissing the *1040 case for failure to prosecute because the Hastys repeatedly delayed discovery, disregarded requests to comply with scheduling orders, and failed to respond to the motion for dismissal in a timely manner. Dr. Namihira argues that even after the trial court allowed the Hastys to proceed, following the issuance of the Rule 41 notice of dismissal, the Hastys still failed to take any action of record for another year. Dr. Namihira argues that, under these circumstances, the trial court was justified in dismissing the case; therefore, this Court should affirm the decision.
¶ 14. Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the "orderly expedition of justice." Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). The trial court relied on Rule 41(b) and (d) of the Mississippi Rules of Civil Procedure in dismissing the Hastys' case. Rule 41(b) provides for dismissal of a case upon motion of the defendant for failure to prosecute. Unless stated in the order, a dismissal under Rule 41(b) is with prejudice. Rule 41(d) provides for dismissal of a case by the trial court, without a motion to dismiss by the defendant, when there has been no action of record during the proceeding twelve months. See M.R.C.P. 4(d) cmt. A dismissal under Rule 41(d) is without prejudice.
¶ 15. Either method of dismissal could result in a dismissal without prejudice, as is the case here. Therefore, a finding that the trial court was not manifestly wrong under either method would cause the dismissal to be affirmed.
¶ 16. We start with the dismissal under Rule 41(b). The supreme court has laid out three factors for us to consider during review of dismissals under Rule 41(b). They are: (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors. Amer. Tel. and Tel. Co. v. Days Inn, 720 So.2d 178, 181-82 (¶¶ 14, 17, 19) (Miss.1998). As to the first factor, nothing suggests that the Hastys' conduct was contumacious, but their conduct may certainly be said to be dilatory. Upon receipt of a clerk's notice that the case would be dismissed pursuant to Rule 41(d) for failure to prosecute in August 2003, the Hastys wrote a letter to the trial court suggesting that dismissal was not proper. In support of the case not being dismissed, the Hastys claimed: (1) that the attorney, who was handling the matter, had left the law firm and had just withdrawn from the case and (2) that most of the depositions had been completed. The Hastys also claimed that after they had the opportunity to depose one additional physician, the case would be ready for trial.
¶ 17. At the hearing to set aside the dismissal, the Hastys stated that they had continued to attempt to schedule the deposition with the remaining physician. They contended that they asked opposing counsel to schedule the deposition. While they understood they could have subpoenaed the physician to be deposed, they chose to attempt to schedule the deposition without taking such an action. One year later, when Dr. Namihira's motion to dismiss was filed, essentially nothing had occurred in the case. This can clearly be seen as dilatory conduct.
¶ 18. As to the second factor of whether lesser sanctions might be applied, the trial court twice considered what has been termed as lesser sanctions. "Lesser sanctions include `fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" Id. at 181-82(¶ 17) (quoting *1041 Wallace, 572 So.2d at 377). The first such application of lesser sanctions was the August 2003 clerk's notice of dismissal. It essentially served as a warning to the plaintiffs that the case needed to proceed. While the Hastys managed to prevent the dismissal of the case, nothing of record occurred after an additional year had passed. The Hastys did not expedite the proceedings and nothing occurred in record from July 30, 2003, until August 18, 2004, when Dr. Namihira's motion to dismiss was filed. The second lesser sanction the trial court applied was dismissal without prejudice, instead of the much harsher penalty of dismissal with prejudice. Clearly the trial court's attempts to impose lesser sanctions failed to produce the desired results.
¶ 19. The supreme court gave us three examples of aggravating factors in Days Inn. Days Inn, 720 So.2d at 182(¶ 19). They include: (1) whether delay was caused by the party as opposed to his counsel, (2) whether there was actual prejudice to the opposing party, and (3) whether the delay was an intentional attempt to abuse the judicial process. See id. There is no indication that the delay in this case was the fault of the Hastys rather than that of their counsel. The responsibility to schedule a deposition falls upon counsel, not the party. Nor is there any suggestion or indication that the delay was an intentional attempt to abuse the judicial process. Counsel for the Hastys continued to assure the trial court that the case could be tried as soon as the last deposition was completed. While the delay was substantial, it does not appear to have been made for a tactical gain.
¶ 20. Thus, it would appear that aggravating factors one and three are not applicable. The second factor is heavily disputed by both sides. Dr. Namihira argues that he would be prejudiced because several medical personnel will not be able to remember independent facts about a small outpatient procedure performed upon Mr. Hasty. Further, the memories of Mr. Hasty's treating physicians will have faded further hindering Dr. Namihira's defense. The Hastys argue that all of the fact witnesses had been deposed with the exception of one treating physician, and the medical nurses and doctors would be able to testify from their notes. Therefore, the Hastys maintain that there was little or no prejudice to Dr. Namihira. While each side has compelling arguments, it would not seem inappropriate to weigh, even if slightly, the prejudice factor in favor of Dr. Namihira since he was not responsible for the delay. This Court has noted that while aggravating factors may bolster the reasoning for a dismissal they are not required even in a harsher case of dismissal with prejudice. Hine v. Anchor Lake Prop. Owners Ass'n, 911 So.2d 1001, 1006(¶ 22) (Miss.Ct.App.2005).
¶ 21. After reviewing the three factors established by the supreme court, we cannot say that the trial court committed manifest error by granting Dr. Namihira's motion and dismissing the case without prejudice. While this case may lack any clear cut aggravating factors, the remaining considerations support the dismissal. The Hastys' conduct can be classified as dilatory. Further, the trial court applied two separate lesser sanctions. We find that the trial court did not abuse its discretion by dismissing the case without prejudice.

III. Whether the trial court abused its discretion in denying the Hastys' motion for relief from the judgment pursuant to Rule 60 of the Mississippi Rules of Civil Procedure.
¶ 22. The Hastys allege that they should have been granted relief from the *1042 judgment of dismissal due to an alleged mistake. As previously stated, this Court will not reverse a denial of a Rule 60 motion unless the trial court abused its discretion. McIntosh, 873 So.2d at 963(¶ 12).
¶ 23. The Hastys allege that they were misinformed as to the status of their case. Therefore, they claim that their Rule 60 motion should not have been denied. They admit that they received Dr. Namihira's motion to dismiss for failure to prosecute, which was filed on August 18, 2004. However, upon receiving notice of the motion, they contacted the court administrator to determine the proper procedure to respond to the motion to dismiss. The court administrator informed them, erroneously, that the action had been dismissed pursuant to a Rule 41 notice of dismissal in August 2003, and the case was no longer on the court's docket. They further allege that the court administrator, in a subsequent phone call, informed them that the court file was in storage and the defendant's motion would not be set for hearing until the court file could be found. It is highly probable that had the Hastys been properly informed of the status of the case, they would have filed a response to Dr. Namihira's motion to dismiss. However, the burden rested with the Hastys to determine for themselves the status of the case, rather than depending upon the representations of someone else. In re Estate of Ware, 573 So.2d 773, 775 (Miss.1990). The Hastys acknowledge that their entire effort to check the status of the case consisted of talking with the clerk, as opposed to a personal inspection of the court docket or file.
¶ 24. The trial court noted a lack of diligence by the Hastys in moving this case forward. Indeed, the trial court likened the difficulty in getting the Hastys to move this case forward to the difficulty of pulling teeth.
¶ 25. Under these circumstances, this Court cannot say that the trial court abused its discretion by denying the Hastys' Rule 60 motion for relief from the judgment of dismissal.
¶ 26. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] The Court prefers to use the name of the parties in its opinions. However, due to the number of wrongful death beneficiaries in this appeal, we will refer to the appellants collectively as the "Hastys."
[2] Dr. Namihira and the Better Living Clinic  Endoscopy Center, P.A. will be referred to as "Dr. Namihira."