MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Gwen Jenkins (Jenkins), on behalf of the wrongful death beneficiaries of Thomas Jenkins, filed suit against Jeff Anderson Regional Memorial Center (Anderson Hospital) and Dr. Frank Tucker. The complaint alleged that on February 20, 1999, Thomas was admitted to Anderson Hospital with three gunshot wounds. He ultimately died on December 20, 1999, allegedly as a result of the defendants’ failure to recognize and treat certain complications from his initial injuries. Approximately five years after the complaint was filed, the trial court dismissed the suit without prejudice for want of prosecution, and Jenkins appeals from that judgment. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. The procedural history of this case, being particularly important to the issues on appeal, will be recited in detail.
 

 ¶ 3. Jenkins, represented by attorney Don Evans, filed the complaint on February 20, 2001. Dr. Tucker filed his answer on March 20, 2001, and Anderson Hospital filed its answer two days later on March 22.
 

 ¶ 4. At the time Jenkins filed her complaint, she also propounded discovery requests to the defendants. Dr. Tucker responded to Jenkins’s discovery requests on March 23, 2001, and Anderson Hospital responded on August 24, 2001. Although Jenkins responded to Dr. Tucker’s discovery requests on June 26, 2001, Jenkins did not respond to Anderson Hospital’s discovery requests propounded on August 30, 2001. On October 5, 2001, several subpoenas duces tecum were issued on behalf of Dr. Tucker for Thomas’s medical records, addressed to several medical providers. The returns on the subpoenas were filed on October 18, 2001.
 

 ¶ 5. There were no other actions of record until May 12, 2003, when Anderson Hospital filed a “Motion to Stay Proceedings and Other Relief’ based on the insolvency of its insurance carrier. The motion requested a stay of at least ninety days or until further order of the court. Jenkins did not file a response, and the trial court did not enter an order on the motion.
 

 ¶ 6. On June 23, 2003, Anderson Hospital filed a second motion to stay, stating that its insurance provider had been placed in liquidation on June 20, 2003, and was, therefore, subject to the Mississippi Insurance Guaranty Act.
 
 See
 
 Miss.Code Ann. §§ 83-23-101 to 83-23-137 (Rev.
 
 *269
 
 1999). This motion sought an order to stay the action for an initial period of six months from the date of the liquidation order or until December 20, 2003. Again, Jenkins did not file a response, and the trial court did not enter an order on this second motion.
 

 ¶ 7. No further actions of record were taken prior to March 24, 2005, when the Lauderdale County Circuit Clerk filed a motion to dismiss for want of prosecution. Jenkins’s counsel, Evans, responded to the clerk’s motion with a facsimile letter requesting that the clerk not dismiss. The letter stated that Jenkins had not pursued any action in the case for a time because the insurance carrier for Anderson Hospital was in receivership and ultimately liquidation. The letter acknowledged that counsel for Anderson Hospital had now informed Jenkins that the grounds for a stay no longer existed. Evans asserted that he was working with defense counsel to set depositions of the parties.
 

 ¶ 8. No action of record was taken by Jenkins following the letter. On July 13, 2006, the circuit clerk filed a second motion to dismiss for want of prosecution. On July 19, 2006, Jenkins filed a motion for trial setting and an appearance by another attorney, Kenneth C. Miller.
 

 ¶ 9. On August 31, 2006, Anderson Hospital filed a motion to dismiss under Mississippi Rule of Civil Procedure 41(b), which was joined by Dr. Tucker on September 18, 2006. The motion asserted that Jenkins had failed to prosecute the case since serving discovery on Dr. Tucker on July 27, 2001, a delay of approximately sixty-one months. The motion also asserted that Anderson Hospital propounded interrogatories and requests for production of documents to Jenkins on August 30, 2001, but it had not received a response after five years. Jenkins responded, asserting that she had not prosecuted the action because of Anderson Hospital’s motions to stay, and from June 22, 2003, until March 2005, she was unaware that the stay had been lifted. Jenkins also stated that the delay following the first clerk’s motion to dismiss was caused by Anderson Hospital’s failure to respond to a letter requesting deposition dates for three hospital employees. Jenkins conceded that she had not answered the discovery requests, but she argued that this should be excused because the defendants never filed motions to compel.
 

 ¶ 10. The trial court, in a fifteen-page memorandum opinion, found that Jenkins repeatedly delayed prosecution. The court found dilatory conduct in Jenkins’s failure to investigate the existence of continuing grounds for a stay, Jenkins’s inaction for fourteen months between the first and second clerk’s motion, and Jenkins’s failure to respond to discovery requests. It also determined that further lesser sanctions would be futile and concluded that no lesser sanction could remedy the prejudice suffered by the defendants after such a lengthy delay. Accordingly, the trial court granted the defendants’ motion and dismissed Jenkins’s suit without prejudice. This appeal followed.
 

 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE CASE FOR WANT OF PROSECUTION.
 

 ¶ 11. Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court’s docket and ensuring the “orderly expedition of justice.”
 
 Watson v. Lillard,
 
 493 So.2d 1277, 1278 (Miss.1986). Rule 41(b) of the Mississippi Rules of Civil Procedure provides for dismissal of a case upon the motion of the defendant for failure to prosecute. On appeal, this Court reviews such a decision for an abuse of
 
 *270
 
 discretion.
 
 Cox v. Cox,
 
 976 So.2d 869, 874(¶ 11) (Miss.2008).
 

 ¶ 12. Dismissals for want of prosecution should be employed reluctantly, and while “[t]here is no set time limit for the prosecution of an action ... where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld.”
 
 Vosbein v. Bellias,
 
 866 So.2d 489, 493(¶ 6) (Miss.Ct.App.2004) (quoting
 
 Watson,
 
 493 So.2d at 1279).
 

 ¶ 13. The supreme court has propounded three factors for an appellate court to consider in reviewing dismissals under Rule 41(b): (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors.
 
 Am. Tel. and Tel. Co. v. Days Inn of Winona,
 
 720 So.2d 178, 181-82 (¶¶ 14, 17, 19) (Miss.1998). While contumacious or dilatory conduct may be sufficient to support affirmance, factors other than delay are typically present when a dismissal with prejudice under Rule 41(b) is upheld.
 
 Cox,
 
 976 So.2d at 874-75 (¶¶ 16-17).
 

 (1) Contumacious or Dilatory Conduct
 

 ¶ 14. The trial court found a clear record of delay, and such appears to be evident from the record. Jenkins undertook no action of record from approximately June 2001 until the clerk’s first motion to dismiss, which was filed on March 24, 2005. Other than the facsimile letter to the circuit clerk requesting that the cause not be dismissed, Jenkins took no other action of record prior to the clerk’s second motion to dismiss filed on July 13, 2006. Jenkins also failed to respond to discovery requests for a period of more than five years.
 

 ¶ 15. Jenkins concedes that there has been substantial delay, but she argues the trial court erred in attributing it to the plaintiff or in not finding it excusable. The supreme court has suggested that delay by the plaintiff, under some circumstances, may be excusable.
 
 See, e.g., Cox,
 
 976 So.2d at 875 (¶¶ 20-21) (discussing efforts to substitute counsel and settlement negotiations as examples of potentially excusable delay).
 

 ¶ 16. In particular, Jenkins argues that the delay was primarily a result of Anderson Hospital’s motions to stay. The trial court acknowledged this argument, but it noted, and we agree, that only a small part of the delay can be excused as a result. This cannot explain the approximately twenty-month delay by Jenkins pri- or to the first motion to stay being sought. It also does not excuse Jenkins’s apparent lack of vigilance in failing to reply to the motion for a stay or even inquire of the continuing need for a stay, prior to the first clerk’s motion to dismiss being filed on March 24, 2005.
 
 [1]
 

 ¶ 17. Jenkins also asserts that the delay over the fourteen months between the first and second clerk’s motions to dismiss is attributable to Anderson Hospital’s failure to reply to the letter sent by her attorney requesting deposition dates. However, this Court has considered this argument before and found it meritless:
 

 At the hearing to set aside the dismissal, the [plaintiffs] stated that they had continued to attempt to schedule the deposition with the remaining physician. They contended that they asked opposing counsel to schedule the deposition.
 
 *271
 
 While they understood they could have subpoenaed the physician to be deposed, they chose to attempt to schedule the deposition without taking such an action. One year later, when [the defendant’s] motion to dismiss was filed, essentially nothing had occurred in the case. This can clearly be seen as dilatory conduct.
 

 Hasty v. Namihira,
 
 986 So.2d 1036, 1040(¶ 17) (Miss.Ct.App.2008).
 

 ¶ 18. Jenkins also argues that after her first attorney associated Miller, she began prosecuting the case. She argues that it would be inequitable to allow the defendants to sit idle and only seek to dismiss for want of prosecution in response to renewed activity from the plaintiff. The supreme court, however, has recently rejected this argument.
 
 See Cox,
 
 976 So.2d at 879-80 (¶¶ 47-51) (holding that a trial court retains discretion to dismiss prior to consideration of the merits of a case because “the responsibility to prosecute a case rests with the plaintiff, not the defendant”).
 

 ¶ 19. Finally, Jenkins argues that the trial court erred in finding culpable delay in her failure to respond to Anderson Hospital’s discovery requests prior to the filing of the defendants’ motion to dismiss, approximately five years after the requests were made. Jenkins asserts that Anderson Hospital cannot now complain because it never sought to compel discovery. We do not see this as excusing Jenkins’s failure to answer, especially as Jenkins also argues that she had already addressed the substance of Anderson Hospital’s request in her replies to Dr. Tucker’s discovery requests in the first few months of litigation. If this is the case, no explanation was offered as to why the same information could not have been provided to the other defendant in a timely manner.
 

 ¶ 20. Considering the record before us, we find that the- trial court did not abuse its discretion in finding a clear record of delay.
 

 (2) Lesser Sanctions
 

 ¶ 21. Lesser sanctions may include fines, costs, or damages against the plaintiff or her counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.
 
 Days Inn of Winona,
 
 720 So.2d at 181-82(¶ 17) (citing
 
 Wallace v. Jones,
 
 572 So.2d 371, 377 (Miss.1990)). A clerk’s notice of dismissal, being an explicit warning, is a lesser sanction.
 
 Hasty,
 
 986 So.2d at 1041(¶ 18). An appellate court should be less likely to uphold a dismissal where there is no indication in the record that the trial court considered lesser sanctions.
 
 Cox,
 
 976 So.2d at 874-75 (¶¶ 16-17). We will not presume that lesser sanctions were considered unless there is some indication that the trial court considered them; that lesser sanctions were argued before is sufficient.
 
 Id.
 
 at 876 n. 10. Lesser sanctions will not suffice where they cannot cure prejudice suffered by a defendant from the delay.
 
 Id.
 
 at 876(¶ 26).
 

 ¶ 22. Jenkins argues that the trial court did not consider alternative sanctions, but it is apparent from the record that lesser sanctions were not only argued before the trial court, but they were expressly considered and rejected in its memorandum opinion.
 

 ¶ 23. Jenkins also argues that the trial court erred in its finding that lesser sanctions would be futile, but this argument is without merit as well. The trial court found that Jenkins had essentially ignored the first clerk’s motion to dismiss for the fourteen months prior to the clerk’s second motion. It also found a clear history of delay stretching back more than five years and some presumed prejudice to the defendants that could not be cured by lesser sanctions. Under such circum
 
 *272
 
 stances, we cannot say the trial court abused its discretion in finding further lesser sanctions to be futile.
 

 (3) Other Aggravating Factors
 

 ¶ 24. Aggravating factors bolster a case for dismissal, but they are not required even when dismissal is with prejudice.
 
 Hasty,
 
 986 So.2d at 1041(¶ 20) (citing H
 
 ine v. Anchor Lake Prop. Owners Ass’n,
 
 911 So.2d 1001, 1006(¶ 22) (Miss.Ct.App.2005)). Aggravating factors may include: “(1) whether the delay was caused by the party as opposed to his counsel[;] (2) whether there was actual prejudice to the opposing party[;] and (3) whether the delay was an intentional attempt to abuse the judicial process.”
 
 Id.
 
 at 1041 (¶ 19) (citing
 
 Days Inn of Winona,
 
 720 So.2d at 182(¶ 19)).
 

 ¶ 25. There is no evidence in the record that Jenkins, as opposed to her attorney, was personally responsible for the delay. Nonetheless, the supreme court has stated that a party must bear some responsibility for a long delay in which no substantive action is taken.
 
 Cox,
 
 976 So.2d at 877(¶ 31). Although the five years of delay in the instant case is significantly less than the almost nine years the supreme court considered in
 
 Cox,
 
 we find that Jenkins herself must bear some modicum of responsibility for the delay in this case.
 

 ¶ 26. Similarly, although there was no evidence of actual prejudice to the defendants, prejudice may also be presumed for unreasonable delay; but the preference for a decision on the merits must be weighed against any such presumption.
 
 Id.
 
 at 879(¶ 44). A trial court may, therefore, decide to excuse a plaintiffs lack of diligence in the absence of proof of any actual prejudice to the defendant.
 
 Id.
 

 ¶ 27. The defendants argued that memories would have faded in the seven years since the incident, but they did not put on any proof to that effect in support of their motion to dismiss. Nonetheless, we have held that similar delays entitle defendants to some presumption of prejudice, even where most of the fact witnesses had been timely deposed.
 
 See Hasty,
 
 986 So.2d at 1041(¶ 20). Accordingly, we find that the trial court did not err in finding some presumed prejudice to the defendants.
 

 (If) Conclusion
 

 ¶ 28. Considering the clear record of delay, the trial court’s consideration and rejection of lesser sanctions, and the presence of aggravating factors, we find that the trial court did not abuse its discretion in dismissing the suit for want of prosecution.
 

 ¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ„ CONCUR. ROBERTS, J„ NOT PARTICIPATING.
 

 [1]
 

 . The second motion for stay was filed by Anderson Hospital on June 20, 2003, approximately twenty-one months before the first clerk’s motion to dismiss.