CARLTON, J.,
for the Court:
¶ 1. Delia Shepard, individually and as administratrix of the estate of Rodney Stowers, appeals the decision of the Lowndes County Circuit Court denying her motion to reconsider the circuit court’s dismissal of Shepard’s suit for wrongful death based on medical malpractice based on Rule 41(b) of the Mississippi Rules of Civil Procedure. On appeal, Shepard asserts that the circuit court abused its discretion by dismissing with prejudice her wrongful death suit for failure to prosecute absent a finding of egregious or contumacious conduct by Shepard or her counsel. Finding no abuse of discretion, we affirm the circuit court’s dismissal of this case.
*924 PACTS
¶ 2. On September 28, 1991, Stowers, a Mississippi State University football player, suffered a fracture of the right tibia during the first half of a Mississippi State football game in Gainesville, Florida. The team physician and Dr. Russell Linton permitted Stowers to return to the sidelines for the second half of the game, participate in post-game activities, and return to Starkville, Mississippi, with the team the next day.
¶ 3. On September 29, 1991, Stowers was admitted to Golden Triangle Regional Medical Center (Golden Triangle), where Dr. Linton examined and treated him. During the night and early morning of September 30, Stowers’s temperature became elevated, and he exhibited abnormal vital signs. Dr. Linton proceeded with a surgical procedure to stabilize Stowers’s broken tibia. Following surgery, Stowers’s pulse reached 152, and his temperature elevated to 104 degrees. By midnight, Stowers was not responsive to verbal or painful stimuli, and his temperature had reached 104.5 degrees. Dr. Linton ordered various tests be performed, which revealed that Stowers suffered from Adult Respiratory Distress Syndrome. Stowers was transferred to the intensive care unit and subsequently received treatment. On October 3, 1991, Stowers stopped breathing and was pronounced dead at 7:03 a.m.
¶ 4. On October 1,1993, Shepard, admin-istratrix of Stowers’s estate, filed the instant wrongful-death action in the Scott County Circuit Court. The Scott County Circuit Court transferred this action to the Lowndes County Circuit Court, where a previously filed wrongful-death action (Jones action) related to Stowers’ death, which had been filed by Telesia Jones, on behalf of Stowers’s alleged daughter Kier-ra Jones, was already pending. On May 23, 1994, the action was re-filed in Lowndes County. On November 2, 1994, the Lowndes County Circuit Court stayed this action pending resolution of dispositive motions filed in the Jones action.
¶ 5. On May 30, 1996, the Mississippi Supreme Court reversed the rulings of the Scott County Chancery Court denying multiple requests for DNA tests in connection with the Jones action, and the Court ordered that blood genetic-marker testing be conducted on Kierra to confirm Stow-ers’s paternity. The test results established that Stowers was not the father of Kierra, and the Jones action was ultimately dismissed.
¶ 6. On July 22, 1997, after a delay of nearly three years, the Lowndes County Circuit Court entered an order lifting the stay of this action and set expert disclosure and motion deadlines. On August 27, 1997, Prairie Anesthesia filed its answer and propounded written discovery to Shepard. On August 29, 1997, Dr. Linton filed his answer, and on September 10, 1997, he propounded written discovery to Shepard. On September 2, 1997, Golden Triangle filed its answer.
¶ 7. On December 2, 1997, Dr. Linton filed a motion to dismiss or, in the alternative, to compel discovery, claiming that Shepard had refused to cooperate in discovery by failing to respond to Dr. Linton’s interrogatories, request for production of documents, and also by failing to designate her expert witnesses. On December 22, 1997, Prairie Anesthesia joined in the motion of Dr. Linton to dismiss or, in the alternative, to compel discovery.
¶ 8. On February 9, 1998,[1] the circuit court conducted a hearing on Prairie Anes *925 thesia’s and Dr. Linton’s motions to compel discovery. The circuit court granted the motions to compel and ordered Shepard to provide complete interrogatory responses and the requested documents on or before February 27, 1998. The circuit court also entered an amended scheduling order extending the expert designation, discovery, and motions deadlines.
¶ 9. The parties continued to propound discovery until the expiration of the amended scheduling order on September 15, 1998. On January 13, 2000, the clerk filed the first motion to dismiss for want of prosecution, noting that there had been no action of record during the twelve months preceding the motion. On February 11, 2000, Shepard responded by filing a motion for trial setting, requesting that the court set this case for trial. On April 11, 2001, the clerk filed a second motion to dismiss for want of prosecution, again noting that there had been no action of record during the twelve months preceding the motion. Shepard responded on April 13, 2001, by filing a second motion for trial setting and also requesting a status conference with the circuit court. The circuit court set a pretrial conference for November 19, 2001, but due to a prior trial setting, Shepard requested a continuance of the conference.
¶ 10. On April 7, 2004, the clerk filed a third motion to dismiss for want of prosecution, and on April 15, 2004, Shepard again moved for a trial setting and status conference with the circuit court. On August 12, 2005, Shepard renewed this request. By an order dated August 23, 2005, the circuit court set a hearing on Shepard’s motion for trial setting and status conference for November 14, 2005. At the hearing, the parties conditionally set the trial for November 27, 2006,[2] noting that Prairie Anesthesia’s counsel and the circuit judge both had potential conflicts with this date.
¶ 11. Prairie Anesthesia’s counsel subsequently informed the parties and the circuit court in October 2006 that the conflict with the trial date remained; therefore, he requested to continue the trial. The circuit court entered an agreed order on November 27, 2006, continuing the trial “to a date in the future.”
¶ 12. On September 12, 2007, Shepard alleges that she contacted the circuit court to obtain available first setting dates to reset the case for trial, and subsequently provided the available trial settings to counsel for Prairie Anesthesia, Dr. Linton, and Golden Triangle. However, this action did not appear in the court file, and such assertions will not be considered by this Court. On March 28, 2008, the clerk filed another motion to dismiss for want of prosecution. On April 29, 2008, Shepard filed a motion for a trial setting and a Mississippi Rule of Civil Procedure 16 pretrial conference.
¶ 13. On May 21, 2008, Prairie Anesthesia filed a motion to dismiss for want of prosecution,[3] claiming that they were prejudiced by the unavailability of witnesses and the fading memory of those witnesses who remained, due to the amount of time, more than sixteen years, that had elapsed since Stowers’s death. On November 20, 2008, Shepard filed a response, arguing that she had attempted to reset the case for trial following the continuance. On November 21, 2008, the circuit court held a hearing on Prairie Anesthesia’s motion to *926 dismiss for want of prosecution, and subsequently the court entered an order granting the motion, concluding that Prairie Anesthesia had been prejudiced due to the lengthy amount of time that had passed.
¶ 14. On December 29, 2008, Shepard filed a motion to alter or amend the order granting Prairie Anesthesia’s motion to dismiss for lack of prosecution, arguing that the circuit court had erred in concluding there was dilatory conduct on the part of the plaintiff and also in concluding that a lesser sanction than dismissal was unavailable. After a hearing held on May 29, 2009, the circuit court dismissed Shepard’s motion to alter or amend the order granting dismissal. Shepard now appeals, claiming that the circuit court erred in dismissing the case with prejudice.
STANDARD OF REVIEW
¶ 15. When reviewing a circuit court’s dismissal of a case under Rule 41(b) for failure to prosecute, this Court may reverse only if it finds that the circuit court abused its discretion. Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (¶ 12) (Miss.1998) (AT & T factors). What constitutes a failure to prosecute is considered on a case-by-case basis. Id. at 181 (¶ 12).
DISCUSSION
Whether the circuit court abused its discretion by dismissing with prejudice Shepard’s wrongful-death suit for failure to prosecute absent a finding of egregious or contumacious conduct by Shepard or her counsel.
¶ 16. Shepard claims that the circuit court abused its discretion by misapplying the three AT & T factors when ruling on Prairie Anesthesia’s[4] motion to dismiss pursuant to Rule 41(b). Shepard also contends that the circuit court erred in dismissing with prejudice Shepard’s wrongful-death suit for failure to prosecute absent a finding of egregious or contumacious conduct by Shepard or her counsel.
¶ 17. Rule 41(b) permits a defendant to move for the dismissal of an action for the failure of the plaintiff to prosecute. Additionally, “[ujnless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.” Id. We note that “the law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly.” Am. Tel. and Tel. Co., 720 So.2d at 180 (¶ 12).
¶ 18. In the circuit court’s order granting Prairie Anesthesia’s motion to dismiss for lack of prosecution, the circuit court acknowledged the three factors, set out by this Court in Hasty v. Namihira, 986 So.2d 1036, 1040 (¶ 16) (Miss.Ct.App.2008) (citing Am. Tel. and Tel. Co., 720 So.2d at 181-82 (¶¶ 14, 17,19)), to be considered by courts when ruling on a motion to dismiss: (1) contumacious or dilatory conduct of the plaintiff; (2) application of lesser sanctions; and (3) other aggravating factors.
¶ 19. Regarding the first factor, the circuit judge stated that he found no evidence that Shepard acted contumaciously; however, he did find that Shepard’s actions were dilatory in nature. The circuit judge acknowledged that there had been four clerk’s motions to dismiss for want of prosecution filed. The first motion was filed on January 13, 2000; the second on April 11, 2001; the third on April 7, 2004; and *927 the last on March 28, 2008. The circuit judge noted that after the clerk filed each of the motions to dismiss for want of prosecution, Shepard filed a motion in response.[5] However, the circuit judge noted that Shepard failed to take any action to bring these motions to the circuit court’s attention or request a hearing on the motions. The circuit judge determined that since no action had been taken after the clerk’s motions to dismiss, besides requesting a court date, that Shepard’s conduct was dilatory.
¶20. Shepard argues that the circuit court erred in finding dilatory conduct on her part, and she points out that the initial trial date was continued at the request of Prairie Anesthesia’s counsel. Further, Shepard asserts that the circuit court failed to cite authority for the proposition that the alleged failure to bring these motions on for hearing constituted dilatory conduct.
¶ 21. We note that we have found that a delay of one year “can clearly be seen as dilatory conduct.” Hasty, 986 So.2d at 1040 (¶ 17) (Over a year after dismissing the clerk’s motion to dismiss for want of prosecution, the court found that “essentially nothing had occurred in the case,” and as a result, the court granted the defendant’s motion to dismiss for want of prosecution.). The record before us reflects that Shepard has had to respond to four motions to dismiss for want of prosecution issued by the clerk because there was no activity in the record for at least one year before each of the four motions were filed.
¶ 22. Shepard also argues that the circuit court misapplied the holding in Hasty, claiming that unlike the present case, the plaintiffs in Hasty failed to file a response to the defendant’s motion to dismiss for failure to prosecute. Hasty, 986 So.2d at 1038 (¶ 5). Accordingly, the circuit court in Hasty dismissed the case without prejudice due to the failure of the plaintiffs to take any action of record for one year prior to the filing of the motion to dismiss. Id. Shepard claims that in contrast, after each filing of a motion to dismiss, she filed a motion requesting that the case be set for trial.
¶ 23. However, when examining whether conduct is dilatory, this Court “may consider whether the plaintiffs’ activity was reactionary to the defendants’ motion to dismiss, or whether the activity was an effort to proceed in the litigation.” Holder v. Orange Grove Med. Specialties P.A., 54 So.3d 192, 198 (¶ 22) (Miss.2010). In Hill v. Ramsey, 3 So.3d 120, 122 (¶ 7) (Miss.2009), the Mississippi Supreme Court upheld the circuit court’s determination of dilatory conduct on behalf of the plaintiff after finding that “the only action taken by [Hill] ... was reactionary,” and not an effort to proceed in the litigation. As previously noted, Shepard did file motions responding to each of the clerk’s motions to dismiss, but the circuit court found that she had failed to take any action to bring these motions to circuit court’s attention or request a hearing on the motions. Thus, we find that over the course of the litigation, Shepard failed to take positive actions to prosecute her claim. See Vosbein v. Bellias, 866 So.2d 489, 493 (¶ 8) (Miss.Ct.App.2004).
*928 ¶ 24. Turning to the second factor of determining whether lesser sanctions should be applied, the circuit judge found that the four clerk’s motions to dismiss constituted explicit warnings to Shepard to move forward with the case. The circuit judge found that such explicit warnings constituted lesser sanctions under the AT & T factors. The circuit judge then held that lesser sanctions, in the form of the motions to dismiss, had already been applied; thus, they were no longer available. Although not cited by the circuit court in its order dismissing the case, the record reflects that the circuit court previously issued an order to compel Shepard to comply with discovery and scheduling orders, and it also issued an order demanding mediation to keep the case moving toward trial.
¶ 25. Shepard contends that the circuit court erroneously found the clerk’s motions to dismiss to be “lesser sanctions” under the facts of this case. In Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990) (quotation omitted), our supreme court acknowledged that “[Ijesser sanctions include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ” Additionally, this Court has upheld the filing of a clerk’s notice of dismissal as a lesser sanction, finding that such notice serves “as a warning to the plaintiffs that the case needed to proceed.” Hasty, 986 So.2d at 1041 (¶ 18); Jenkins v. Tucker, 18 So.3d 265, 271 (¶ 21) (Miss.Ct.App.2009). As noted, the record reflects that the circuit court attempted previous efforts at lesser sanctions, all to no avail, including a order to compel Shepard to comply with discovery and scheduling orders and an order demanding mediation.
¶ 26. Next, the circuit court noted that under Hasty, courts must consider three factors when determining whether there were aggravating circumstances: “(1) whether delay was caused by the party as opposed to his counsel, (2) whether there was actual prejudice to the opposing party, and (3) whether the delay was an intentional attempt to abuse the judicial process.” Hasty, 986 So.2d at 1041 (¶ 19). In his order, the circuit judge stated that he found the first and third factors inapplicable to the present case. Regarding the second factor, the circuit judge stated that “if the court only considers the latter date of 1997, when the stay was lifted, this still was over ten years ago. There is a large span of time that has elapsed since 1997 and even more so since 1991 when the alleged medical negligence occurred. Thus, the court finds that [Prairie Anesthesia] has been prejudiced due to the lengthy amount of time that has accrued.”
¶ 27. Regarding the issue of prejudice when examining other aggravating factors, Shepard claims that Prairie Anesthesia’s witnesses had not been identified, and she argues that no evidence exists in the record to support Prairie Anesthesia’s claims that it will be difficult to locate witnesses due to the amount of time that has elapsed. Shepard asserts that since this is a medical-malpractice case, the main testimony needed is that of the experts. Shepard also argues that she offered to locate the witnesses at her own expense and to provide their contact information to Prairie Anesthesia.
¶ 28. However, the record shows that as early as August 19, 1996, when Prairie Anesthesia filed a response to Shepard’s motion to stay,[6] Prairie Anesthesia stated *929 that it continued to be prejudiced by Shepard’s lack of cooperation in preparing for trial, and it would be severely prejudiced should the circuit court stay the entire course of proceedings. Prairie Anesthesia also stated that it made efforts to contact witnesses who were employed by the hospital at the time of Stowers’s death, but it submits that after an investigation, it has learned that eleven of the nurses who cared for Stowers that no longer work there. Prairie Anesthesia also submits that the hospital had no record on six of those nurses. See Holder, 54 So.3d at 199-200 (¶¶ 28-30) (discussing actual and presumptive prejudice in Rule 41(b) dismissals).
¶ 29. After reviewing the record before us, we find that the circuit judge followed the test set forth by the Mississippi Supreme Court to review when considering a Rule 41(b) motion to dismiss for lack of prosecution. The order from the circuit court also shows that the circuit judge noted that lesser sanctions had been previously implemented, and they were no longer available. Thus, we find that the circuit court did not abuse its discretion in granting Prairie Anesthesia’s motion to dismiss for want of prosecution pursuant to Rule 41(b).
¶ 30. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., MYERS, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ„ CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J. BARNES, J., NOT PARTICIPATING.

. The record reflects that this hearing was set for January 5, 1998, but it was continued at *925 the request of Shepard.

. This agreement was not memorialized in a written order.

. Dr. Linton joined this motion to dismiss on May 30, 2008, and Golden Triangle joined on June 12, 2008.

. Due to the number of appellees in this appeal, we will refer to the appellees collectively as "Prairie Anesthesia.”

. In response to the 2000 motion to dismiss, Shepard filed a motion for trial setting. In response to the 2001 motion to dismiss, Shepard filed a motion for status conference and trial setting. In response to the 2004 motion to dismiss, Shepard filed another motion for status conference and trial setting. In response to the final motion to dismiss in 2008, Shepard filed a motion for a Mississippi Rule of Civil Procedure 16 conference and also requested a trial setting.

. The record reflects that Kierra also filed a motion to stay, and Prairie Anesthesia’s response addressed both parties’ motions.