# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01332-COA

REBECCA BUTLER                                                    APPELLANT

v.

JIM RAY AND EAST WEBSTER HIGH SCHOOL                    APPELLEES

DATE OF JUDGMENT:            07/25/2019
TRIAL JUDGE:                 HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:   WEBSTER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      REBECCA BUTLER (PRO SE)
ATTORNEYS FOR APPELLEES:     MARGARET ZIMMERMAN SMITH
                             LEMUEL E. MONTGOMERY III
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED - 06/30/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Rebecca Butler (self-declared as a "prosecutor: a woman") sued Jim Ray (Ray) and East Webster High School (East Webster) for repeatedly sending her child to a "foreign school for in school suspension." Butler, pro se, filed her "common law" claim against Ray and East Webster in the Webster County Circuit Court on December 15, 2017. On January 10, 2018, Ray and East Webster moved to dismiss the complaint, and they amended their motion on July 2, 2019. On July 11, 2019, the court ordered Butler to respond to the motion of dismiss within ten days of the court order. When no response was filed, the circuit court dismissed Butler's complaint on July 25, 2019. Butler filed this appeal challenging the dismissal of her complaint. Finding no error, we affirm.

## STATEMENT OF THE FACTS

¶2.     Butler alleged that Ray, the principal of East Webster High School in Maben, Mississippi, and East Webster repeatedly sent her child to a "foreign school for in school suspension" in the complaint.  While not entirely clear, it appears that the minor child was sent to Eupora (also located in Webster County) for in-school suspension in the fall of 2017.  On December 15, 2017, Butler, pro se, filed her "common law" claim against Ray and East Webster in the Webster County Circuit Court for (1) trespass on her property,[1] which caused harm and injury to the property; (2) harassment to the property; and (3) an attempt to administer the property without right of contract.  Butler sought relief in the form of compensation for the initial trespass, which she stated continued through the date of the filing.  Specifically, Butler sought $1,500,000, plus $1,000 per day for each day that her property was damaged.  Attached to her "claim" was a letter that she and her husband (Jonathan Butler) had sent to the principal stating that they did not want their son sent to in-school suspension off campus.  Butler later sent her stamped-filed complaint, which Butler characterized as a common law claim, to Ray and East Webster "by registered mail."  But Butler never had process issued by the clerk or served on the defendants.

¶3.     On January 10, 2018, Ray and East Webster filed their motion to dismiss[2] for the following reasons: (1) Butler failed to state a cause of action; (2) Butler failed to state issues that were not totally and completely vague; (3) Butler failed to properly serve process; (4)

---

[1] Butler's "property" was her own son.

[2] The record indicates that a copy of the motion was sent to Butler on the same day.

Butler failed to identify the plaintiff in the matter; (5) Butler failed to name a plaintiff; (6) Butler alleged claims that are totally without merit and without any substance whatsoever; and (7) Butler failed to address the court in any legal manner whatsoever.

¶4.     Between January 2018 and July 2019, Butler filed several affidavits and notices in the court, but she failed to respond to the motion to dismiss.[3]  On July 2, 2019, Ray and East Webster filed an amended motion to dismiss to include that Butler (1) failed to file a proper notice as required by law prior to filing the lawsuit and (2) failed to file or issue process.[4] On July 11, 2019, the circuit court ordered Butler to respond to the motion to dismiss within ten days.[5]  The court stated that if Butler failed to respond to the motion, it would consider the motion to be confessed and grant the relief sought by Ray and East Webster.

¶5.     When Butler failed to respond by July 21, 2019, the circuit judge signed the order dismissing the case on July 23, 2019.  The circuit clerk filed it on July 25, 2019.[6]  The court dismissed the claims for the following reasons: (1) Butler filed a complaint without naming the plaintiff; (2) Butler failed to issue process or serve process upon either defendant;[7] and

---

[3] Among the filings were: (1) "notice: right to pursue a claim"; (2) "notice: verifications"; (3) "notice: venue"; (4) "notice: laches"; (5) "notice: nature of party"; (6) "notice: signatures"; (7) "affidavit: jurisdiction"; (8) "affidavit of obligation commercial lien"; and  (9) several "notice to the circuit clerk" filings.

[4] The certificate of service on the amended motion indicates that it was sent to Butler on July 2, 2019.

[5] The record indicates that the clerk sent a copy of the order to Butler on the same day.

[6] Butler admitted she received this order.

[7] The requisite 120 days to serve process had expired since the filing of the complaint.

(3) Butler failed to respond to the motion to dismiss.

¶6. Butler filed a response to the motion to dismiss on July 26, 2019. Butler claimed that she did not receive a file-stamped copy of the court's July 11 order to answer the motion to dismiss until July 15, 2019. She then claimed that she had ten days to respond to the court's order beginning July 16, 2019, and ending July 26, 2019. She also claimed that she did not understand who filed the motion to dismiss or who filed the order. She further argued that her claim was now one for a "common law lien." The circuit court took no further action.

¶7. Butler filed a timely notice of appeal on August 21, 2019. On appeal, Butler raises the issue of the dismissal of her claim. While difficult to understand, Butler basically argues that her case should not have been dismissed because she responded to the motion to dismiss.

## STANDARD OF REVIEW

¶8. "When considering a motion to dismiss, this Court's standard of review is de novo." *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (¶7) (Miss. Ct. App. 2019) (quoting *Seaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006)). "This Court will not disturb the findings of the trial court unless they are manifestly wrong [or] clearly erroneous[,] or an erroneous legal standard was applied." *Id*. (quoting *Seaggs*, 931 So. 2d at 1275 (¶6)).

## DISCUSSION

¶9. Although Butler's argument does not cohesively state the reasons why her claim should not have been dismissed, she primarily argues that any deadlines missed were due to her lack of understanding of the court system. She also argues that she did in fact respond

to the motion to dismiss. After review of the record, we find that the circuit court properly dismissed her claim.

**I.    Whether the circuit court properly dismissed Butler's case for her failure to serve process on the defendants.**

¶10.    In *Perry v. Andy*, 858 So. 2d 143, 146 (¶14) (Miss. 2003), the Mississippi Supreme Court stated that "pro se plaintiffs must strictly comply with [Mississippi Rule of Civil Procedure] 4(h)." Rule 4(h) sets a time limit for service of process. Pursuant to Rule 4(h):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

¶11.    "As noted in Rule 4(h), the court shall not dismiss a matter if the plaintiff can establish 'good cause' for failing to serve process on a defendant within 120 days of filing her complaint." *Priede v. Jones*, 282 So. 3d 1266, 1271-72 (¶15) (Miss. Ct. App. 2019) (citing *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶19) (Miss. 2016)). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id*. at 1272 (¶15) (quoting *Collins*, 184 So. 3d at 929-30 (¶20)).

¶12.    Mississippi Rule of Civil Procedure 4(c)(3) provides guidance regarding service by mail. Pursuant to Rule 4(c)(3)(A),

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a

5

copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

If the sender does not receive the signed acknowledgment back within twenty days, the sender must serve the summons by using a process server or the sheriff. M.R.C.P. 4(c)(3)(B).

¶13. In this case, Butler argues that she sent a copy of the complaint to Ray and East Webster by registered mail. But merely mailing a complaint does not constitute a valid service of process. Butler's attempt at process on Ray was faulty because she did not provide a summons[8] or an acknowledgment form as required in Rule 4(c) for process by mail. Not only did Butler not serve process on Ray and East Webster, but she failed to demonstrate good cause for not doing so. As *Perry* clearly states, a pro se litigant's ignorance of the rules is no cause. *Perry*, 858 So. 2d at 149 (¶22). Therefore, the circuit court properly dismissed Butler's case for lack of service of process.

II. **Whether the circuit court properly dismissed Butler's case for failing to respond to the defendants' motion to dismiss.**

¶14. "[T]he Mississippi Supreme Court has consistently held that 'a pro se litigant shall be held to the same standard as an attorney.'" *In re Estate of Forrest*, 165 So. 3d 548, 550 (¶8) (Miss. Ct. App. 2015) (quoting *Bailey v. Wheatley Estates Corp.*, 829 So. 2d 1278, 1281 (¶11) (Miss. Ct. App. 2002)). Under Uniform Civil Rule of Circuit and County Court Practice 4.02, a "[r]espondent shall reply within ten (10) days after service of [a] movant's

---

[8] Butler never had a summons issued.

6

memorandum of authorities to support a motion to dismiss." In *Hasty v. Namihira*, 986 So. 2d 1036, 1038 (¶5) (Miss. Ct. App. 2008), Dr. Namihira filed a motion to dismiss the case. *Id*. The trial court did not receive any response from the Hastys within the time period provided by the Uniform Rules of Circuit and County Court Practice. *Id*. Therefore, the trial court dismissed the case. *Id*. We affirmed the dismissal. *Id*. at 1042 (¶26).

¶15. Here Butler failed to respond to the defendants' initial motion to dismiss, which was filed on January 10, 2018. Butler had a second chance when the defendants filed an amended motion on July 2, 2019. According to Uniform Civil Rule of Circuit and County Court Practice 4.02, Butler was required to respond within ten (10) days after service of the defendants' motion. Additionally, under Mississippi Rule of Civil Procedure 6(e):

> Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

On July 11, 2019, the circuit court entered an order requiring Butler to respond to the motion to dismiss, and giving her ten days from the date of the order to do so. In the order, the court stated that if Butler did not respond to the motion to dismiss, her claim would be dismissed.

¶16. Butler had a total of thirteen days to respond to the defendants' amended motion to dismiss. Thus, her response was due on July 15, 2019. Butler had filed no response by that date, and the circuit court could have dismissed the case on July 16. Although Butler's response was technically due on July 15, 2019, the court's order of July 11 in essence extended that deadline to July 21, 2019. When no response had been filed by that day, the court still did not sign the order of dismissal until July 23, and it was not entered until July

7

25. Even if she mistakenly treated the court's order like a motion, Butler's response would have been due on July 24, 2019, and her July 26 filing was still untimely. Accordingly, the circuit court properly dismissed Butler's complaint for failure to respond to the motion to dismiss.

      **III.    Whether Butler failed to file a notice requirement according to the Mississippi Tort Claims Act.**

¶17. Principals and school districts are public entities that have their own statute of limitations and notice requirements found in the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2012). "[T]he MTCA's one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it." *Caves v. Yarbrough*, 991 So. 2d 142, 155 (¶54) (Miss. 2008). The statute includes a mandatory notice requirement that potential plaintiffs must satisfy prior to instituting any tort lawsuit against a governmental entity or one of its employees. *Black v. City of Tupelo*, 853 So. 2d 1221, 1226 (¶12) (Miss. 2003). Specifically, in an action against a governmental agency, "any person having a claim . . . shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1). The notice of claim shall:

> (i) Be in writing; (ii) Be delivered in person or by registered or certified United States mail; and (iii) Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages

8

sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2). This Court recognizes that the notice of claim under the MTCA is mandatory. *Dobbs*, 285 So. 3d at 1223 (¶11).

¶18. In *Black*, the Mississippi Supreme Court acknowledged that pro se parties are held to the same rules of procedure as represented parties. *Black*, 853 So. 2d at 1226 (¶12) (citing *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987)). The pro se litigant, Black, failed to comply with the MTCA requirements when he did not send a notice-of-claim letter. *Id*. Therefore, the circuit court properly dismissed his complaint for failure to comply with the notice-of-claim provisions in the MTCA. *Id*.

¶19. Here, Butler filed an action subject to the MTCA against Ray and East Webster High School, a government employee and alleged government entity,[9] without providing the proper pre-suit notice of claim. Butler sent a copy of her lawsuit by registered mail to Ray, but the content of the complaint is insufficient to serve as notice as by section 11-46-11(1). For example, Butler did not include the names of all persons known to be involved or the residence of the person making the claim at the time of the injury. "[F]ailure to provide any of the seven statutorily required categories of information [in section 11-46-11(2)(b)] falls short of the statutory requirement and amounts to non-compliance with section 11-46-11(2)." *Lane v. Miss. Dep't of Transp., S. Dist.*, 220 So. 3d 254, 256-57 (¶7) (Miss. Ct. App. 2017) (quoting *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258 (¶20) (Miss. 2006)).

---

[9] East Webster High School is not an entity that can be sued. Butler should have sued the school district. Therefore, the proper entity was never sued or served.

9

Furthermore, Butler failed to file a suit against the proper party, the school district. Because she failed to file a proper pre-suit notice or name the proper party, the circuit court properly dismissed her case.

## CONCLUSION

¶20. Because Butler failed to properly serve her summons and complaint, failed to respond to the motion to dismiss in a timely manner, and failed to provide the pre-filing notice under the MTCA, the circuit court properly dismissed her claim. Therefore, the circuit court's judgment is affirmed.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**