## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-00411-SCT

*AMERICAN TELEPHONE AND TELEGRAPH COMPANY*

*v.*

*DAYS INN OF WINONA, TAC GOPAL AND LEROY ALLEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/18/96 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS H. PEARSON |
| | WILLIAM F. SELPH, III |
| ATTORNEY FOR APPELLEES: | SUZANNE N. SAUNDERS |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 8/13/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/3/98 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case is before the Court on appeal from the dismissal of the plaintiff's case with prejudice for failure to prosecute, pursuant to Miss. R. Civ. P. 41(b). We conclude that while the conduct of plaintiff's counsel was less than diligent, it does not represent the contemptuous resistance to the court's authority required under the rules. Moreover, there is no indication that the lower court attempted to expedite the proceedings through the use of lesser sanctions before invoking the harsh measure of dismissing the plaintiff's case with prejudice. Accordingly, we reverse and remand for trial.

### I.

¶2. On August 5, 1994, American Telephone and Telegraph Company (AT&T) filed a complaint in the Circuit Court of Montgomery County against Days Inn of Winona, Tac Gopal and Leroy Allen. AT&T sought $336,278.40 in damages caused by the defendants' alleged negligence in cutting an underground telephone cable. Answers were thereafter filed and discovery proceeded. On March 6, 1995, the circuit court notified counsel for all parties that the trial docket for the April term of court

would be called on March 21, 1995. On March 17, 1995, defendants Days Inn and Tac Gopal filed a Motion to Extend Discovery until June 14, 1995. This motion was granted on May 1, 1995, although neither side engaged in any discovery after January of 1995.

¶3. In a letter to the clerk of the court dated March 15, 1996, counsel for defendants Days Inn and Tac Gopal informed the court that she would be unable to attend the trial docket for the April term of 1996, and requested that the court move the case to the October 1996 term. On September 11, 1996, the court notified counsel for all parties that the trial docket for the October term of court would be called on September 23, 1996. Counsel for plaintiff did not appear at the docket setting, although counsel for defendants was present.

¶4. On the same day, September 23, 1996, defendants Days Inn and Tac Gopal filed a Motion to Dismiss Stale Case for Failure to Prosecute. The defendants argued that the last action in the case was the order extending discovery filed by the court on May 1, 1995. Accordingly, the defendants requested that the court, pursuant to Miss. R. Civ. P. 41(b) and Miss. Code Ann. § 11-53-25 (1972), involuntarily dismiss the action with prejudice due to AT&T's failure to prosecute its claim. Counsel for defendants noticed the motion to be heard on October 14, 1996. AT&T did not respond to the motion to dismiss. Instead, on October 4, 1996, AT&T filed a Motion for Trial Setting.

¶5. The court held a hearing on the motion to dismiss on the scheduled date, October 14, 1996. Counsel for defendants Days Inn and Tac Gopal was present at the hearing. Counsel for AT&T once again failed to appear. Counsel for defendant Leroy Allen, who was also present, joined in the motion to dismiss at the hearing. After hearing argument in support of the motion, the court issued an order on October 18, 1996, dismissing the case with prejudice. The court listed its reasons for dismissing the case as follows:

> (1) The last activity in the file is an order entered by the Court on May 1, 1995 extending discovery until June 14, 1995.
>
> (2) Three terms of this Court have passed with no activity by the Plaintiff.
>
> (3) No one appeared at the October 1996 term of court docket setting for trials.
>
> (4) The Motion to Dismiss Stale Case for Failure to Prosecute was properly served on the plaintiff. The motion was set for hearing before this court. Counsel for plaintiff was properly notified of the date, time and place of the hearing on said motion. No one has responded or appeared to argue said motion by eleven ten (11:10) a.m. on Monday, October 14, 1996.

¶6. In a letter to the court dated October 17, 1996, counsel for AT&T claimed that the judge, in a previous telephone conversation with him, had agreed to continue the case to the Spring term of 1997. In its response letter, the court acknowledged the previous conversation it had with AT&T's counsel, but stated that "[a]t no time in our conversation did you mention that a motion to dismiss was pending in this matter." Thus, in the court's view, nothing it said should have led counsel for the plaintiff to believe that the hearing had been canceled. It emphasized that counsel for plaintiff was notified of the hearing, failed to file a response to the motion to dismiss and failed to appear at the hearing.

¶7. By motion filed October 23, 1996, AT&T moved the court to reconsider its ruling dismissing the case. Counsel for AT&T argued that while three terms had passed, at least some of the delay was occasioned by the inability of counsel for defendants to attend the docket call for the April term of 1996. He also informed the court that he was unable to attend the docket call on September 23, 1996 because of a prior setting in Quitman County. He was unable to attend the hearing on October 14, 1996 because he had four cases set for trial in Tunica County. Counsel for plaintiff contended, however, that he had properly responded to the defendants' motion to dismiss by filing his motion for trial setting on October 4, 1996. Counsel for plaintiff also reiterated his claim that he had engaged in a telephone conversation with the judge after the missed docket call, and that the judge had agreed to continue the case until the Spring of 1997. Counsel argued that based upon this, he reasonably believed that the defendant's motion to dismiss was off the calendar.

¶8. On October 28, 1996, defendants Days Inn and Tac Gopal filed a Response to Motion to Reconsider Ruling Dismissing Case. In this response, the defendants denied that good cause existed for the court to reconsider and vacate its order of October 14, 1996. The defendants denied that any of the delay could be attributed to them, since their counsel's inability to attend the docket call for the April term of 1996 did not prevent the plaintiff from setting a trial. The defendants further contended that the plaintiff's motion requesting a trial setting did not constitute a response to their motion to dismiss. The defendants denied that counsel for plaintiff ever made a request to the court that the case be continued to the Spring term of 1997, and thus denied that the plaintiff reasonably believed the motion to dismiss was off the court's calendar.

¶9. By order filed February 25, 1997, the court denied the plaintiff's motion to reconsider. The court reiterated that the plaintiff had been properly notified of the hearing of October 14, 1996, and did not exercise due diligence in ignoring the notice of the hearing and failing to make any inquiry to the court concerning the hearing. The plaintiff thereafter filed a notice of appeal.

¶10. At the request of plaintiff AT&T, its counsel in the proceedings below has withdrawn and new counsel prosecutes this appeal on its behalf.

## II.

¶11. "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." *Wallace v. Jones,* 572 So. 2d 371, 375 (Miss. 1990). This power is "a means necessary to the orderly expedition of justice and the court's control of its own docket." *Watson v. Lillard,* 493 So. 2d 1277, 1278 (Miss. 1986) (citing *Link v. Wabash R.R.,* 370 U.S. 626 (1962)). Where a motion is made, its disposition is governed by Rule 41(b), which is the same under the federal system and our own rules of civil procedure. A substantial body of law has grown up around the federal rule. It does not, of course, bind this Court as precedent, but it provides useful guidelines for our consideration. *Watson,* 493 So. 2d at 1278.

¶12. In reviewing a trial court's decision to dismiss under Rule 41(b), this Court may reverse only if it finds that the trial court abused its discretion. *Wallace,* 572 So. 2d at 375 (citing *Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984)); *Watson,* 493 So. 2d at 1279. At the same time, the law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. *Id.* at 1278 (citing *Hobson v. Wilson,* 737 F.2d 1 (D.C.Cir.1984)). There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will

be upheld only "where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct." *Watson,* 493 So. 2d at 1279. This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace,* 572 So. 2d at 376 (citing *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir. 1982)). What constitutes failure to prosecute depends on the facts of the particular case. *Id.*

¶13. In *Rogers,* the Fifth Circuit stated that "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff,' . . ., and where lesser sanctions would not serve the best interests of justice." *Rogers,* 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir. 1972)). *See also McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981); *Gray v. Fidelity Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir. 1981); *Luna v. International Ass'n of Machinists & Aerospace Workers,* 614 F.2d 529, 531 (5th Cir. 1980). While the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated the most consistently, several other factors have been identified as "aggravating factors." *See Rogers,* 669 F.2d at 320 n.3; *McCloud River R.R. v. Sabine River Forest Prods.,* 735 F.2d 879, 883 (5th Cir. 1984). Specifically, these include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers,* 669 F.2d at 320. *See also, e.g., McGowan,* 659 F.2d at 557-58 (intentional conduct); *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. 1981) (intentional conduct); *Veazey v. Young's Yacht Sale & Serv.,* 644 F.2d 475, 477-78 (5th Cir. 1981) (responsibility of plaintiff, intentional conduct, and prejudice to defendant). The *Rogers* court noted that cases "in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers,* 669 F.2d at 320.

¶14. Using these standards, the first question for this Court is whether the conduct of counsel for plaintiff can be said to clearly constitute delay or contumacious conduct. The defendants/appellees in the present case argue that three terms of the circuit court passed without action by counsel for plaintiff AT&T. We note, however, that the first full term of court following the filing of this action, the April 1995 term, was avoided due to the defendants' motion to extend discovery.

¶15. AT&T also correctly asserts that the April 1996 term was avoided, at least in part, due to the inability of counsel for defendants Days Inn and Tac Gopal to appear at the docket call scheduled for March 21, 1996. The appellees argue that conflict of their counsel did not prevent AT&T from obtaining a trial setting, since "counsel for Appellee Leroy Allen was contacted to answer the docket call if AT&T's counsel appeared to set the case for trial." This arrangement, however, was not made explicit to counsel for plaintiff nor to the court. The letter from defendants' counsel to the clerk of the circuit court stated only that she would be unable to attend the trial docket, and requested that the court "[p]lease move the above referenced matter to the October 1996 term of court." Plaintiff's counsel might reasonably have believed, therefore, that the defendants were not opposed to the delay.

¶16. Thus, the delays relating to two of the three terms cited by the lower court were at least partially due to actions taken by the defendants. The conduct of counsel for plaintiff was less than diligent. We

conclude, however, that it does not constitute a contemptuous resistance to the authority of the trial court or a clear record of unilateral delay. *See* **Rogers,** 669 F.2d at 321.

¶17. This Court must also consider whether lesser sanctions may have better served the interests of justice. Where there is no indication in the record that the lower court considered any alternative sanctions to expedite the proceedings, appellate courts are less likely to uphold a Rule 41(b) dismissal. *See, e.g., id.* at 321-22; **McGowan,** 659 F.2d at 557; **Burden,** 644 F.2d at 505. "Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" **Wallace,** 572 So. 2d at 377 (quoting **Rogers,** 669 F.2d at 321). In the present case, there is no indication that lesser sanctions were considered by the court, and it is not at all certain that such sanctions would have been futile in expediting the proceedings. *See id.*; **McCloud River R.R.,** 735 F.2d at 883 (trial court's order vacated for failure to consider lesser sanctions).

¶18. Thus, the record in the present case fulfills neither of the requisite factors for dismissal under Rule 41(b). There is no clear record of delay or contumacious conduct on the part of the plaintiff and no finding that lesser sanctions would not have better served the ends of justice.

¶19. We note also the lack of any clear indication that the delays were due to the so-called "aggravating factors" identified by the **Rogers** court. First, there is nothing in the record to suggest that AT&T, as opposed to its counsel, was responsible for any of the delays. This circumstance sets the present case apart from other cases in which Rule 41(b) dismissals have been affirmed. *See, e.g.,* **Watson v. Lillard,** 493 So. 2d 1277 (Miss. 1986) (Rule 41(b) dismissal of the plaintiff's case affirmed where it was found that the plaintiff herself was responsible herself for driving off two sets of competent counsel); **Anthony v. Marion County Gen. Hosp.,** 617 F.2d 1164, 1168 n.4 (5th Cir. 1980) ("[w]e note that in at least four cases where dismissal was held to be inappropriate, a factor was the lack of any indication in the record of the client's knowledge of, or participation in, his attorney's failure to prosecute") (citations omitted). Second, there is little actual prejudice to the defendants by allowing this case to proceed to trial, as all material witnesses are apparently still available to testify. Finally, the record indicates that it was counsel for plaintiff's preoccupation with his duties as court-appointed public defender in other counties, rather than any intentional attempt to abuse the judicial process, which accounted for his delays in the present case.

¶20. The theme running through the cases involving Rule 41(b) is that negligence or inexcusable conduct on the part of plaintiff's counsel does not in itself justify dismissal with prejudice. *See, e.g.,* **Rogers,** 669 F.2d at 322-23; **McGowan,** 659 F.2d at 558. This is not to say that the lower court is powerless to deal with derelictions of duty by counsel. We make clear that upon remand the circuit court may impose such reasonable sanctions, short of dismissal, on AT&T or its present attorneys as the court may find appropriate. *See, e.g.,* **Gonzalez v. Firestone Tire & Rubber Co.,** 610 F.2d 241, 248 (5th Cir. 1980).

### III.

¶21. For the foregoing reasons, we conclude that the circuit court erred in dismissing the plaintiff's case with prejudice. Accordingly, the judgment of the lower court is reversed and the case remanded for further proceedings.

¶22. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**