KITCHENS, Justice,
dissenting:
¶ 39. Because lesser sanctions would better serve the interests of justice, and because the Court of Appeals accurately analyzed the law and reached the correct result, I respectfully dissent.
¶ 40. The Court of Appeals reversed the trial court’s dismissal because, in its view — and in mine — lesser sanctions were warranted under the circumstances. Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 244, 251-52, 252-53, ¶¶ 37-38, 42 (Miss.Ct.App.2010) (citing Cox v. Cox, 976 So.2d 869, 879 (Miss.2008)). Specifically, the Court of Appeals held:
According to our supreme court, lesser sanctions will not suffice where they cannot cure prejudice suffered by a defendant from a plaintiffs delay in prosecuting his or her case.
[[Image here]]
Thus, we are left solely with the question of whether the prejudice presumably suffered by the defendants as a result of the plaintiffs’ inexcusable delay in this matter, in and of itself, outweighs the law’s preference for a decision on the merits. Based on the attendant circumstances of this case, we find that it does not.
Id. at 252, ¶¶ 38-39 (citing Cox, 976 So.2d at 876, 879).
¶ 41. “Dismissals with prejudice are reserved for the most egregious cases.” Hillman v. Weatherly, 14 So.3d 721, 726 (Miss.2009) (quoting Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)). These extraordinary circumstances usually require the presence of plaintiff culpability, actual prejudice to the defendant, and intentional dilatory conduct. AT & T v. Days Inn, 720 So.2d 178, 181 (Miss.1998) (citations omitted). This simply is not that sort of case.
¶ 42. The trial judge’s consideration of lesser sanctions consisted of an abrupt dismissal of the plaintiffs’ attorney’s plea for a warning: “What’s the purposes of a warning? Everybody is supposed to know the rules.” Consideration of lesser sanctions should consist of more than a passing, dismissive reference to a single option. Instead, the trial judge carefully should weigh all viable alternatives, which include, in addition to explicit warnings, “fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, [and] dismissal without prejudice.” Id. (quoting Wallace, 572 So.2d at 377).
¶ 43. To support its holding, the majority finds, without explanation, that there was presumed prejudice and that “[t]his presumed prejudice strengthens the defendants’ case for dismissal under Rule 41(b).” Maj. Op. at ¶ 30. While I agree that a significant delay may generate a presumption of prejudice, there is no authority to support a conclusion that prejudice should be presumed in the present case. The majority relies on Cox, 976 So.2d at 879, for support, but the delay in that case was fourteen years, a far cry from the 435-day delay here. See also Jenkins v. Tucker, 18 So.3d 265, 271 (Miss.Ct.App.2009) (five-year history of delay amounted to presumed prejudice). Moreover, even if such a presumption existed, it was rebutted when the plaintiffs demonstrated that there was no actual prejudice to the defendants. See Beckwith v. State, 707 So.2d 547, 567-68 (Miss.1997) (although presumptively prejudicial, twenty-six-year delay in pursuing criminal case *203 did not warrant dismissal of indictment where defendant could not demonstrate actual prejudice). The defendants here argued that dismissal with prejudice was proper because the plaintiffs’ failure to respond to interrogatories left them without knowledge of the nurse’s identity. However, the plaintiffs countered, and the trial judge agreed, that the defendants should have been able to determine the nurse’s identity based on the facts alleged in the complaint. Therefore, despite the majority’s holding to the contrary, the absence of actual prejudice does have a bearing on the outcome of the case. See AT & T, 720 So.2d at 181 (actual prejudice is an aggravating factor that may justify the harshest sanction of dismissal with prejudice).
¶ 44. “[Njegligence or inexcusable conduct on the part of the plaintiff’s counsel does not in itself justify dismissal with prejudice.” Id. at 182 (citing Rogers v. Kroger Co., 669 F.2d 317, 322-23 (5th Cir.1982); McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 558 (5th Cir.1981)). By affirming the trial judge’s decision to dismiss the case with prejudice based solely on the plaintiffs’ attorney’s conduct, today’s opinion strikes a blow against the law’s preference that cases be decided on their merits. Id. at 180 (citing Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). It also punishes the plaintiffs, who have been deprived of their day in court through no fault of their own. For these reasons, I would affirm the Court of Appeals’ reversal of the dismissal and its remand of the case for consideration of lesser sanctions. Accordingly, I respectfully dissent.
GRAVES, P.J., AND CHANDLER, J., JOIN THIS OPINION.