ISHEE, J.,
for the Court:
¶ 1. In 1994, a medical-malpractice action was tried against Jerry W. lies, M.D. (lies), and Jefferson Davis Memorial Hospital (the Hospital), in the Adams County Circuit Court, with regard to injuries received by Kathryn M. Rich (Rich) in 1986. After the jury returned a verdict in favor of the defendants, Rich’s daughter, Helen Powels (Powels), appealed on behalf of her mother’s estate. In 1997, this Court affirmed the jury’s verdict as to the Hospital but reversed and remanded the case as to lies. The record reflects that no action was taken thereafter until February 2003, when Powels’s attorney sent a letter to Iles’s attorneys inquiring into the possibility of a settlement. The next communication between the parties was in January 2009, when Powels’s attorney wrote Iles’s attorneys a letter to provide available trial dates. Iles’s attorneys then filed a motion to dismiss the case for lack of prosecution, which the trial court granted. Powels now appeals. Finding no error, we affirm.
FACTS
¶ 2. In 1989, Rich filed suit against lies and the Hospital, alleging that the irreversible partial paralysis she had sustained in 1986 was the result of Iles’s and the Hospital’s failure to provide a timely diagnosis of Rich’s spinal injury. The 1994 jury trial resulted in a verdict favoring lies and the Hospital. Thereafter, Powels appealed. This Court affirmed the verdict as to the Hospital, but we reversed and remanded Iles’s case due to an improper jury instruction. The case was sent back *520 to the trial court on September 16, 1997, for a new trial on the matter.
¶ 3. Thereafter, the record reflects that no action was taken on the case until almost six years later, when, on February 25, 2008, Powels’s attorney sent a letter to Iles’s attorneys inquiring as to settlement possibilities. The record further indicates that the next action between the parties was not taken until another six years later, on January 13, 2009, when Powels’s attorney wrote another letter to Iles’s attorneys advising of specific dates the court had available for a new trial. On February 19, 2009, Iles’s attorneys filed the first action of record in the case in almost twelve years — a motion to dismiss for lack of prosecution under Mississippi Rule of Civil Procedure 41(b). The trial court granted Iles’s motion, after which Powels filed a motion to reconsider. The trial court denied the motion after conducting a hearing on the matter. A final judgment was entered dismissing the case in January 2010.
¶ 4. In February 2010, Powels appealed. Seven months later, lies passed away, and his wife became a party to this action.[1] On appeal, Powels claims that the trial court erred in granting Iles’s dismissal. She also asserts that the trial court clerk failed to comply with Mississippi Rule of Civil Procedure 41(d), which requires the clerk to mail the parties a requisite notice that the case had been stagnant for a year and would be subject to dismissal under Rule 41(b) if no action were taken.
¶ 5. In response to Powels’s claims, Iles’s attorneys assert that his defense is greatly prejudiced by the delay in prosecution. In support thereof, Iles’s attorneys reference his death and the obvious disadvantage present in Iles’s not being able to testify in his own defense, as well as significant memory lapses and the unavailability of several key defense witnesses.
DISCUSSION
¶ 6. This Court has previously held that in reviewing a Rule 41(b) dismissal, “we apply the substantial evidence/manifest error standards.” Gulfport-Biloxi Regional Airport Auth. v. Montclair Travel Agency, Inc., 937 So.2d 1000, 1005 (¶ 13) (Miss.Ct.App.2006) (citation omitted); see also Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178 (Miss.1998). Rule 41(b) provides that in the event of “failure of the plaintiff to prosecute[,] ... a defendant may move for dismissal of an action or of any claim against him.”
¶ 7. We recognize that a trial court’s power to dismiss a case for failure to prosecute “is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court’s docket and promote the orderly expedition of justice.” Hensarling v. Holly, 972 So.2d 716, 719 (¶ 7) (Miss.Ct.App. 2007) (citing Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). “What constitutes failure to prosecute depends on the facts of the particular case.” Id. at 720 (¶ 8) (citing Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)).
¶ 8. The Mississippi Supreme Court has set forth factors to be considered when analyzing a dismissal under Rule 41(b). Days Inn, 720 So.2d at 181 (¶ 13). In Days Inn, the supreme court held that a reviewing court must determine: (1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions might have better served the interests of justice; and *521 (3) the existence of other “aggravating factors.” Id. (citing Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982)). However, the supreme court in Cox v. Cox, 976 So.2d 869 (Miss.2008), also dealt with a motion to dismiss for lack of prosecution. Therein, the supreme court stated:
Cases from both this Court and the [Mississippi] Court of Appeals indicate that factors other than delay typically are present when a dismissal with prejudice under Rule 41(b) is upheld.... Nevertheless, factors other than delay are not required. The standard is whether there is a clear record of delay or contumacious conduct by the plaintiff.
Cox, 976 So.2d at 874-75 (¶¶ 16-17) (internal citations and quotations omitted).
¶ 9. The instant case was remanded to the trial court in September 1997, but no action of record was taken until Iles’s attorney filed the motion to dismiss for lack of prosecution in February 2009. We hold that a stagnation of twelve years constitutes a clear record of delay, thus, providing ample support for the trial court’s dismissal, pursuant to the supreme court’s ruling in Cox.
¶ 10. Additionally, while the trial court did not specifically address the availability of lesser sanctions, as mentioned in the Cox analysis, the trial judge stated that the dismissal was not “a punitive action against the plaintiff.” We cannot say that the imposition of any lesser sanctions would have served as a more appropriate solution as opposed to dismissal. As noted by the trial judge, dismissal of the case was not ordered as a sanction against Pow-els or her counsel; rather, it was the proper procedural remedy to a case that had laid dormant for over a decade.
¶ 11. Finally, at the hearing on Powels’s motion to reconsider, the trial court referenced several “aggravating factors” which demonstrated prejudicial consequences of the lengthy delay. The age of the parties involved was a significant consideration in terms of memory loss and the availability of witnesses. lies was sixty-five years old at the time the case was remanded to the trial court, and he was seventy-seven years old when the case was dismissed. While memory loss was a valid concern, Iles’s death created a quandary in this case as introduction of his testimony would be limited to his trial transcript from 1994. Additionally, two of Iles’s trial experts are in their seventies and are both retired. One of the experts was also in a serious automobile accident, which led to brain injuries and allegedly significant memory impairment.
¶ 12. As mentioned previously, in Cox, the Mississippi Supreme Court reviewed a motion to dismiss for lack of prosecution after a nine-year stagnation. Cox, 976 So.2d at 872-72 (¶ 6). The supreme court specifically referenced the prejudice inherent in memory loss of parties and witnesses and found that such memory loss constitutes a “measure of presumed prejudice.” Id. at 879 (¶¶ 43-45).
¶ 13. Based on the supreme court’s ruling in Cox, the memory loss of Iles’s trial witnesses constitutes a measure of presumed prejudice, an aggravating factor that supports the trial court’s dismissal of the case. We are of the opinion that Iles’s recent death is also an aggravating factor which prejudices his defense. Had Powels not waited twelve years to resume action in this case, lies would have been able to testify in his own defense.
¶ 14. Furthermore, the trial court recognized its own partial error due to the clerk of court’s failure to comply with Rule 41(d), which required that notices be mailed to the parties around September 1998 informing them that their case was subject to dismissal because no action of *522 record had occurred in one year. The notices should have also included advisory language that action was to be taken within thirty days of receipt of the notice or the case would be dismissed. However, the trial court concluded that failure of the clerk to mail such notices did not excuse Powels’s twelve-year delay. We agree.
¶ 15. Accordingly, having found that the trial court’s judgment is supported by substantial credible evidence, we affirm.
¶ 16. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., NOT PARTICIPATING.

. lies died on September 1, 2010. His attorney subsequently filed a motion to substitute Iles’s wife, Betty T. lies, as a party to this action in her capacity as administratrix of Iles's estate. This Court granted the motion.