KITCHENS, Justice,
dissenting:
¶34. Because the trial court failed to consider sanctions less than dismissal with prejudice, I respectfully dissent.
¶ 35. “Trial courts are afforded broad discretion in discovery matters, and this Court will not overturn a trial court’s decision unless there is an abuse of discretion....” Ashmore v. Miss. Auth. on Educ. Television, 148 So.3d 977, 981 (Miss.2014). “[I]f the trial court -applies the ‘correct' legal standard,’ we must affirm the decision, regardless of what any one of us individually might have ruled had we been the judge, unless there is a ‘definite and firm conviction that the court below committed clear error.’ ” Id. at 982 (quoting City of Jackson v. Rhaly, 95 So.3d 602, 607 (Miss.2012)).
¶36. A “trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.” Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997) (emphasis added). This Court has reversed a trial court’s dismissal based on Rule of Civil Procedure 41(b) when the trial court *1068 failed to consider lesser sanctions, including “fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional, dismissal, dismissal without prejudice, and explicit warnings.” Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 182 (Miss.1998) (quotation omitted).
¶ 37. In this case, Lewis and Lisa Shelby committed serious discovery violations, including, inter alia, lying about being legally married, attempting to subvert attempts to identify Terrance Shelby’s potential heirs,, particularly by denying the existence of Demario Ferguson and other children, and lying about their criminal records. But even though the Shelbys’ misbehavior may have warranted dismissal-with prejudice, the same punishment is not necessarily appropriate for Ferguson. The only inconsistency in Ferguson’s testimony is related to when he learned that Lisa Shelby was his biological mother. At the request of the Shelbys and their attorney and before the Shelbys wore dismissed from the lawsuit with prejudice, Ferguson allegedly sighed an ■ affidavit' stating that he just recently had learned that Lisa Shelby was his biological mother and that his biological parentage was a family secret. When confronted with the affidavit during a deposition, Ferguson said that he had not read the affidavit previously and would not have signed it because he always had known that.Lisa Shelby was his biological mother., He also said that he was listed as one of Terrance Shelby’s brothers in Terrance’s funeral program. . However, regardless of the circumstances under which the affidavit in question was executed, the question of when Ferguson learned that Lisa Shelby was- his biological mother was not pertinent to resolving whether he has a valid wrongful' death claim against University of Mississippi Medical Center and -AMR or to establishing whether he is a statutory wrongful death beneficiary. To conflate Ferguson’s claims and Ferguson’s alleged untruths outside the context of the Shelbys’ continued fraud on the trial court is plain error, especially because the affidavit allegedly was executed during a time when the trial court found that the Shelbys were trying to conceal the existence of potential wrongful death beneficiaries fraudulently.
¶ 38. The trial court did not apply the correct standard .in dismissing Ferguson’s wrongful death case for discovery violations. The trial court found, with regard to Ferguson, that: ...
THIS CAUSE came on for hearing on the supplemental motion of the defendants to dismiss this action with prejudice due to Plaintiffs discovery violations, The Court previously dismissed Lisa and Lewis Shelby with prejudice by Order dated July 27, 2011, due to their repeated material misrepresentations under oath. Applying the same legal standard set forth in that July 27, 2011 Order, and after considering the briefs and hearing oral argument; this Court finds that Defendants’’ Supplemental Motion to Dismiss is well taken and should be granted.
In other words, with regard to Ferguson, the trial court specifically failed to consider “fines, costs, or damages against plaintiff or his' counsel, attorney disciplinary méasures, conditional dismissal, dismissal without prejudice, and explicit warnings” and therefore erred. Am. Tel. & Tel Co., 720 So.2d at 182.
¶ 39. With regard to Ferguson’s wrongful death claims, the trial court erred by failing to consider sanctions less than dismissal with -prejudice. I respectfully dissent.
KING, J, JOINS THIS OPINION.