# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00031-COA

RITA SPEARS CARTER                                                    APPELLANT

v.

DAMON S. SPEARS                                                        APPELLEE

DATE OF JUDGMENT:              12/10/2018
TRIAL JUDGE:                  HON. SUSAN RHEA SHELDON
COURT FROM WHICH APPEALED:    LAMAR COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       NANCY E. STEEN
ATTORNEY FOR APPELLEE:        MATTHEW D. MILLER
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
DISPOSITION:                  AFFIRMED: 04/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     The Lamar County Chancery Court dismissed Rita Spears Carter's petition for contempt against Damon S. Spears for failure to prosecute, in accordance with Rule 41(b) of the Mississippi Rules of Civil Procedure. Carter appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Carter and Spears divorced on May 16, 2001. At the time of the divorce, the parties had two minor children. As part of the divorce order, the chancery court ordered Carter to pay the insurance premiums for the children's medical and dental insurance. The chancery court ordered Spears to pay child support. In addition, the court ordered Spears to pay the children's medical and dental expenses up to the amount Carter paid in premiums; the parties

were ordered to divide any such expenses above that amount. Just three months after the chancery court's divorce order, Carter filed a contempt petition against Spears for unpaid child support and medical bills. Thus began an extensive history of litigation between the parties.

¶3. Relevant to this appeal, Carter filed a contempt petition on March 7, 2011. In this petition, Carter contended that Spears had failed to pay child support and failed to reimburse her for medical bills. After no activity in the case for over a year, the chancery clerk issued a notice of dismissal to counsel of record on June 25, 2013, advising that the petition would be dismissed if there was no activity in the case within thirty days. Carter took no further action, and the court dismissed the petition for want of prosecution on August 1, 2013.

¶4. On June 2, 2014, Carter filed another "Petition for Contempt and Enforcement of Judgment" against Spears. Similar to her 2011 petition, Carter again alleged that Spears had failed to pay child support and had failed to reimburse her for the children's medical expenses. As with Carter's 2011 petition, Carter took no action to prosecute her 2014 petition for over a year. The chancery clerk issued another notice of dismissal on July 24, 2015, stating that Carter's case would be dismissed if there was no further activity within thirty days. In response, Carter filed a motion for a trial setting on July 28, 2015, and the chancery court set a hearing on October 13, 2015.

¶5. On October 9, 2015, Spears responded to Carter's 2014 petition and served Carter with discovery requests. At the October 13, 2015 hearing, the chancery court set the contempt matter for trial on January 20, 2016, and ordered the parties to complete discovery

2

before a pretrial conference set for December 15, 2015. Carter did not respond to Spears's discovery requests by the court's deadline. Consequently, Spears filed a motion to compel Carter's discovery responses and a motion for continuance of the trial setting.

¶6. The parties appeared before the chancery court on January 20, 2016. Because Carter had still not responded to Spears's discovery requests, the chancellor continued the trial and ordered Carter to provide responses to Spears's written discovery requests. The chancellor also suspended Spears's further child support obligations pending trial on the merits.

¶7. Following the chancery court's directives in January 2016, this matter again fell dormant for over a year. As a result, the chancery clerk filed another notice of dismissal and motion to dismiss for want of prosecution on March 28, 2017. In response, Carter filed a motion for trial setting on April 6, 2017. The next activity in the case occurred almost a year later, on March 29, 2018, when Carter first served incomplete, unverified responses to Spears's discovery requests—originally propounded in October 2015. After receiving the discovery responses, Spears filed motions on May 30, 2018, to compel Carter's discovery responses and to dismiss Carter's petition. The chancery court held a hearing on the parties' pending motions on June 13, 2018.

¶8. On December 7, 2018, the chancery court granted Spears's motion to dismiss pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. In determining that dismissal was warranted, the court found that (1) the record in this case demonstrated a "clear record of delay," noting that the "lengthy delays demonstrate[d] dilatory conduct on the part of Carter in prosecuting her claims," and (2) lesser sanctions would not suffice. The chancellor also

3

considered "whether any aggravating factors or prejudice to Spears exist[ed]," finding that the "prejudice caused by fading memories due to the passage of time can be presumed to support the dismissal of this action under Rule 41(b)." The chancery court found that Carter had failed meaningfully to advance her claims.[1] The court also noted that Carter failed to respond to Spears's discovery requests for well over two years, and "Carter . . . provided no justification for these delays." Accordingly, the chancery court dismissed Carter's claims.

¶9. Carter now appeals, contending that the chancery court erred in dismissing her 2014 petition for want of prosecution. Finding no error, we affirm.

## STANDARD OF REVIEW

¶10. "We employ an abuse of discretion standard when reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b)." *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010) (citing *Am. Tel. & Tel. v. Days Inn of Winona*, 720 So. 2d 178, 180 (Miss. 1998)). However, we are mindful that "[b]ecause the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Id.* (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (¶13) (Miss. 2002)).

## DISCUSSION

¶11. "For failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim . . . ." Miss. R. Civ. P. 41(b). We consider "[w]hat constitutes a failure to prosecute . . . on a case-by-case basis." *Cox v. Cox*, 976 So. 2d 869, 874 (¶14) (Miss. 2008). "The

---

[1] By the time the chancery court dismissed Carter's claims, both children were over twenty-one years of age and thus emancipated.

4

supreme court has provided considerations to be weighed in determining whether to affirm a Rule 41(b) dismissal with prejudice: '(1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors.'" *Sullivan v. Maddox*, 283 So. 3d 222, 234-35 (¶54) (Miss. Ct. App. 2019) (quoting *Cox*, 976 So. 2d at 874 (¶14)). "'Delay alone may suffice' for dismissal under Rule 41(b)." *Holder*, 54 So. 3d at 198 (¶20) (quoting *Cox*, 976 So. 2d at 875 (¶18)).

¶12.    "We acknowledge that '[t]here is no set time limit on the prosecution of an action once it has been filed . . . .'" *Sullivan*, 283 So. 3d at 235 (¶55) (quoting *Holder*, 54 So. 3d at 197 (¶17)). "We also are mindful of the fact that dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue [her] claim, and any dismissals with prejudice are reserved for the most egregious cases." *Holder*, 54 So. 3d at 197 (¶17) (internal quotation marks omitted) (quoting *Hoffman v. Paracelsus Health Care Corp.*, 752 So. 2d 1030, 1034 (¶11) (Miss. 1999)). "However, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." *Hensarling v. Holly*, 972 So. 2d 716, 720 (¶8) (Miss. Ct. App. 2007). "[T]he cases in which [the supreme court] has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue [her] claims." *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 854 (¶23) (Miss. 2018) (citing *Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 116 (¶21) (Miss. 2014)

(affirming dismissal where plaintiff filed a complaint but then took no further action for two years, did not respond to discovery requests, and waited a year before responding to defendant's motion to dismiss)).

¶13. Here, even discounting the lengthy procedural delays pre-dating her 2014 petition,[2] the record since Carter filed her most recent petition shows substantial periods of delay coupled with a disregard of deadlines set by both court orders and procedural rules. After Carter failed to prosecute her 2014 contempt petition for over a year, the chancery clerk filed a notice of dismissal in 2015. In response, Carter filed a perfunctory motion to set a trial date but then did not further pursue her claims for over another year. During that interval, she ignored deadlines imposed by both the discovery rules and the chancery court itself. As a result, the chancery clerk filed another notice of dismissal and motion to dismiss for want of prosecution in March 2017. A similar pattern of superficial activity by Carter ensued, until Spears filed his own motion to dismiss for failure to prosecute—the third such motion as to Carter's 2014 petition—in May 2018.

¶14. Carter took two years and five months to respond to discovery requests Spears propounded on October 9, 2015, and then only provided unverified and incomplete

---

[2] Measured from when Carter filed her March 7, 2011 petition, there were three lengthy periods of inactivity, the first lasting two years and three months, the second spanning one year and one month, and the third lasting one year and three months. In its order, the chancery court appeared to consider this aggregate four-year, seven-month delay in granting Spears's motion to dismiss. But Carter's 2011 petition was dismissed in July 2013, on the chancery clerk's first notice of dismissal, such that the relevant yardstick for measuring delay in the instant appeal begins with Carter's 2014 petition. Regardless, the procedural history before and since Carter's 2014 petition substantiates a "clear record of delay or contumacious conduct by the plaintiff." *Sullivan*, 283 So. 3d at 235 (¶54).

responses. Carter's delay occurred in the face of the first of two motions to compel filed by Spears, court orders directing Carter to provide discovery responses, and the third notice of dismissal for want of prosecution from the chancery clerk. Carter's "substantial . . . delay . . . clearly evince[d] the plaintiff's prolonged failure to pursue [her] claims." *SW 98/99*, 242 So. 3d at 854 (¶23). Our supreme court has made clear that "repeated failures to comply with discovery warrant dismissal with prejudice." *Holder*, 54 So. 3d at 198 (¶21); *see also Hillman v. Weatherly*, 14 So. 3d 721, 727 (¶20) (Miss. 2009) (finding clear record of delay where plaintiff did not respond to discovery requests until both defendant and circuit clerk had filed motions to dismiss for want of prosecution). Based on the foregoing, we find no error in the chancery court's finding that there was a "clear record of delay or contumacious conduct" on Carter's part.

¶15. We likewise find no abuse of discretion in the chancery court's determination that lesser sanctions would not better serve the interests of justice and that Carter's pattern of dilatory conduct caused significant prejudice to Spears. "Lesser sanctions may include 'fines, costs, or damages against plaintiff or [her] counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Holder*, 54 So. 3d at 200 (¶32) (quoting *Days Inn*, 720 So. 2d at 181-82 (¶17)) (internal quotation and citations omitted); *but see Cox*, 976 So. 2d at 876 (¶26) (finding "that lesser sanctions would not suffice" when "lesser sanctions could not cure the prejudice to [defendant] caused by the delay"). The presence of aggravating factors, while not required to justify dismissal under Rule 41(b), may strengthen the trial court's decision to dismiss an action. *Cox*, 976 So. 2d

7

at 876 (¶27). Such factors include "the extent to which the plaintiff, as distinguished from [her] counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Days Inn*, 720 So. 2d at 181 (¶13) (quoting *Rogers v. Kroger Co.*, 669 F. 2d 317, 320 (5th Cir. 1982)).

¶16.    Here, the chancery court weighed "any aggravating factors or prejudice to Spears," finding that

> [t]he passage of time for many of these expenses claimed by Carter is at least six (6) years, and in some instances there are expenses that occurred over thirteen (13) years ago. Whether these expenses were timely provided by Carter to Spears is an issue in this case, and there is an issue of whether either Spears or Carter can provide recollection of when these bills were actually submitted . . . . This prejudice caused by fading memories due to the passage of time can be presumed to support the dismissal of this action under Rule 41(b).

(Citing *Holder*, 54 So. 3d at 200 (¶30)). The chancery court also found that

> the total amount of time that passed when Carter took no activity to advance her claims is four (4) years and seven (7) months. Additionally, Carter's responses to Spears'[s] discovery were not served until two (2) years and five (5) months after [the requests] were served. Carter filed no response to Spears'[s] motion [to dismiss], and provided no justification for these delays.

The chancery court concluded that "[u]nder these circumstances . . . there is no lesser sanction that would serve the interests of justice other than dismissing Carter's [p]etition." As we concluded in *Holder*, "[t]oday's case is not an isolated incident of one missed deadline or a short, delayed response." 54 So. 3d at 200 (¶33). Accordingly, we find no abuse of discretion in the chancery court's findings or its ultimate dismissal of Carter's claims under Rule 41(b).

¶17.    **AFFIRMED.**

8

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**