# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00152-COA

**TOMEKICIA WREN AND SYMONE WREN** APPELLANTS

**v.**

**JOHN ZELLERS** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2023 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | D. REID WAMBLE |
| ATTORNEYS FOR APPELLEE: | JAY MARSHALL ATKINS |
| | DAVID EARL ROZIER JR. |
| | JENESSA JO CARTER HICKS |
| | DAVID CAMP PITTMAN |
| | ELIZABETH CLAIRE SCOTT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/23/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Tomekicia and Symone Wren filed a negligence suit against John Zellers in 2019. Zellers filed a motion to compel responses from the Wrens while the case was still in the discovery stage. Following months of delay, the DeSoto County Circuit Court ultimately dismissed the case for lack of prosecution in accordance with Rule 41(b) of the Mississippi Rules of Civil Procedure. The Wrens now appeal. Upon review, we find no abuse of discretion and, thus, no error. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On August 12, 2017, Tomekicia and Symone Wren were involved in an automobile

accident with John Zellers. On January 29, 2019, the Wrens filed a complaint against Zellers in the DeSoto County Circuit Court alleging negligence and seeking damages. The Wrens filed a notice of service of interrogatories and requests for documents to Zellers on February 1, 2019. On February 21, 2019, Zellers filed his answer and multiple affirmative defenses. Also on February 21, 2019, Zellers filed notices of service for requested documents, including responses to the first set of interrogatories and production of documents.

¶3. On May 30, 2019, Zellers filed a motion to compel discovery responses from the Wrens, stating that the responses were due on March 23, 2019, and no extension of time had been requested. The motion explained that Zellers "forwarded a correspondence to [the Wrens'] attorney in a good faith effort to resolve [the] outstanding discovery responses by ten (10) days thereafter" on April 12, 2019. On July 29, 2019, Zellers filed a notice of hearing on the motion to compel, to be held on August 29, 2019.[1] On August 23, 2019, the Wrens noticed service of their responses to Zellers's interrogatories and requests for documents, as well as filing their designation of experts. As a result, the hearing on the motion to compel was canceled.

¶4. On May 4, 2021, the circuit court clerk filed a motion to dismiss the Wrens' case "for want of prosecution pursuant to Rule 41(d)(1) of the Mississippi Rules of Civil Procedure" because there had been no action on the record in the preceding twelve months. On June 4, 2021, the Wrens filed a notice to offer self-authenticating medical records "prepared by Flexworx, its employees, physicians and nurses[.]" On January 3, 2022, the Wrens each filed

---

[1] The notice was originally filed on July 18, 2019, but an amended notice correcting the time of the hearing was filed on July 29, 2019.

a notice to take a video deposition of one of their treating physicians, Dr. Oakley Jordan, on January 24, 2022. However, on January 12, 2022, the Wrens filed a re-notice to take Dr. Jordan's video deposition on February 11, 2022. The deposition was to occur in Memphis, Tennessee. On the day of the scheduled deposition, the Wrens canceled it about "an hour and fifteen minutes before" it was to start. According to the Wrens, the cancellation was necessary because they learned that Tomekicia had been in a car wreck six months before the instant accident, which would potentially affect the case. The record contains communication between the Wrens and Zellers regarding the cancellation of the expert's deposition.

¶5. On July 21, 2022, Zellers filed a Rule 41(b) motion to dismiss the case for lack of prosecution. He alleged that the Wrens had "shown a clear record of delay in this action," referencing the need for a motion to compel discovery responses and the circuit clerk's own notice and motion to dismiss the case for failure to prosecute. In addition, Zellers noted the canceled deposition that the Wrens had yet to reschedule. On July 21, 2022, the Wrens submitted a notice of service of their responses to interrogatories and requests for production of documents. On November 1, 2022, Zellers filed a notice of hearing on his motion to dismiss for lack of prosecution.

¶6. On January 18, 2023, the Wrens filed a response to Zellers's previous motion to dismiss and contended the case had no "extreme circumstances" that would merit a dismissal of the case. On January 19, 2023, a hearing was held on the motion to dismiss for lack of prosecution. There, the Wrens expounded on the reasoning for the delay citing numerous

3

obstacles such as the COVID-19 pandemic, changes with Zellers's insurance companies, and motions being filed for additional counsel on Zellers's part.[2] Zellers's counsel informed the court that the latter two reasons were inconsequential to the delay of the case, clarifying that the present law firm representing Zellers had been doing so since March 2020. So far as the pandemic argument, the judge made clear that her court "never missed a hearing date," and "[p]eople came via Zoom . . . [and] appeared in person," meaning such an argument was "certainly not something this [c]ourt would consider" in determining the presence of any delay in the case.

¶7.     On January 24, 2023, the circuit court entered an order of dismissal for lack of prosecution. The court found a "clear record of delay" in the present case, listing the following "periods of time where [the Wrens] took no action on the record:

    a.    From March 25, 2019, when Plaintiffs' responses to Defendant's discovery were due, until August 23, 2019, when Plaintiffs filed notice of service of their discovery responses on Defendant.

    b.    From August 24, 2019, to June 4, 2021, when Plaintiffs filed their Notice to Offer Records as Self-Authenticating.

    c.    From June 5, 2021, to January 3, 2022, when Plaintiffs filed their Notice to Take Evidentiary Video Deposition of Dr. Oakley Jordan, M.D.

    d.    From January 13, 2022, to January 18, 2023, when Plaintiffs filed their Response and Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Prosecution.

In essence, "nearly all activity of record taken by [the Wrens] was in reaction to" motions filed by Zellers "as opposed to any legitimate effort by [the Wrens] to advance litigation."

---

[2] Zellers filed two notices of appearance on June 21, 2019; one on April 17, 2020; and one on October 22, 2021. The law firm representing him changed only once, with the original firm moving to withdraw on February 27, 2020.

In addition, the order noted that the Wrens' "excuses for failing to prosecute their case" were last minute or "wholly unpersuasive." The court also referenced the Wrens' cancellation of Dr. Jordan's deposition and the subsequent failure ever to reschedule. Finally, the court held that the Wrens' "record of dilatory conduct throughout the pendency of this litigation, lesser sanctions would be insufficient to expedite proceedings." The Wrens filed a notice of appeal on February 8, 2023.

## DISCUSSION

¶8.     The rule for involuntary dismissal of actions provides in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

M.R.C.P. 41(b). This Court utilizes an abuse-of-discretion standard of review when faced with a trial court's dismissal for lack of prosecution pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. *Holmes v. Grisby*, 234 So. 3d 425, 427-28 (¶8) (Miss. Ct. App. 2017) (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010)). Our review is "on a case-by-case basis." *Sullivan v. Maddox*, 283 So. 3d 222, 234 (¶54) (Miss. Ct. App. 2019) (quoting *Cox v. Cox*, 976 So. 2d 869, 874 (¶14) (Miss. 2008)).

¶9.     "[D]ismissal with prejudice is an extreme and harsh sanction that deprives a litigant

of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Sullivan*, 283 So. 3d at 235 (¶54) (quoting *Holder*, 54 So. 3d at 197 (¶17)). "The supreme court has provided considerations to be weighed in determining whether to affirm a Rule 41(b) dismissal with prejudice: (1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors." *Id.* (quoting *Hensarling v. Holly*, 972 So. 2d 716, 719 (¶7) (Miss. Ct. App. 2007)).

¶10.    It is true that "there is no set time limit on the prosecution of an action once it has been filed[.]" *Id.* at 235 (¶55) (quoting *Holder*, 54 So. 3d at 197 (¶17)). "However, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." *Id.* (quoting *Hensarling*, 972 So. 2d at 720 (¶8)). If there is a clear record of delay, "there is no need for a showing of contumacious conduct." *Hensarling*, 972 So. 2d at 720 (¶12) (quoting *Hine v. Anchor Lake Prop. Owners Ass'n*, 911 So. 2d 1001, 1005 (¶14) (Miss. Ct. App. 2005)).[3]

¶11.    In *Hensarling*, the plaintiff faced a Rule 41(b) dismissal and argued there was no clear delay on his part because he had "taken prompt and positive steps toward the disposition of the cause and ha[d] not deliberately created delay." *Id.* This Court disagreed,

---

[3] "Aggravating factors bolster a case for dismissal, but they are **not required** even when dismissal is with prejudice." *Jenkins v. Tucker*, 18 So. 3d 265, 272 (¶24) (Miss. Ct. App. 2009) (emphasis added) (citing *Hasty v. Namihira*, 986 So. 2d 1036, 1041 (¶20) (Miss. Ct. App. 2008)); *see also Leasy v. SW Gaming LLC*, 335 So. 3d 555, 559 (¶10) (Miss. 2022) (stating while "aggravating factors or actual prejudice may bolster the case for dismissal, they are not requirements" (citing *Holder*, 54 So. 3d at 197)).

acknowledging that the plaintiff had 120 days to serve the defendants but filed the complaint on the last day before the statutory limitations period would expire so the deadline after tolling was self-imposed. *Id.* at (¶13). Notably, the plaintiff had been able to serve "most of the defendants one day before the time lapsed" but was unable to serve one defendant "because she was out of town." *Id.* This Court was not persuaded and held that the plaintiff had simply not "been diligent in his attempts to serve" that defendant and recognized that there exist other means of service when faced with an out-of-town defendant. *Id.* Again, when there is a clear record of delay, "there is no need for a showing of contumacious conduct." *Id.*

¶12. The same line of reasoning is applicable here. The circuit court's order listed several times in which the Wrens took no action in the case. Those time periods, while explained, were not disputed at the oral argument before this Court. For example, while the Wrens correctly assert that Zellers filed multiple notices of appearance for lawyers through the course of the action, the record gives us no reason to believe such changes were responsible for the delay.[4]

¶13. Counsel for the Wrens also argued some of the delay in this case was caused by the effects of the COVID-19 pandemic on the practice of law. While the court system across Mississippi did remain open during the pandemic, this Court recognizes that the pandemic certainly had a substantial effect on lawyers' ability to practice law. However, the circuit

---

[4] The Wrens argue a large reason for the delay is because Zellers switched attorneys multiple times throughout the course of the action. However, most of those changes occurred within the same law firm.

court found clear delay over numerous different periods. This Court reviews for an abuse of discretion and cannot substitute its decision for that of the trial court. *See Leasy v. SW Gaming LLC*, 335 So. 3d 555, 560 (¶13) (Miss. 2022) (clarifying the Court of Appeals should not "ignore[] the applicable abuse-of-discretion standard of review and reweigh[] the evidence, substituting its judgment for that of the trial court"). In the end, the circuit court determined that the COVID-19 pandemic was an unpersuasive reason for the delay because the circuit judge was explicitly clear that she continued to have litigants appear in person and on Zoom.

¶14. The Wrens additionally argue that lesser sanctions should have been imposed. "Where the record shows no indication that the [judge] considered any alternative sanctions, this Court is less likely to uphold a Rule 41(b) dismissal." *Sullivan*, 283 So. 3d at 236 (¶58) (quoting *Cox*, 976 So. 2d at 876 (¶24)). Lesser sanctions can include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* The Wrens argue that the circuit judge considered no lesser sanctions before dismissing the case, but the record provides otherwise. In her order of dismissal, the circuit judge specifically stated "[t]hat given [the Wren]s' record of dilatory conduct throughout the pendency of this litigation, lesser sanctions would be insufficient to expedite proceedings," thus evidencing both a consideration and rejection of lesser sanctions. *See Jenkins v. Tucker*, 18 So. 3d 265, 271 (¶22) (Miss. Ct. App. 2009). Additionally, the Wrens **did** receive a lesser sanction when the clerk's Rule 41(d) notice of dismissal was not granted and the case proceeded. Indeed, "[a]

8

clerk's notice of dismissal, being an explicit warning, is a lesser sanction." *Id.* (citing *Hasty v. Namihira*, 986 So. 2d 1036, 1041 (¶18) (Miss. Ct. App. 2008)). We cannot say there was any abuse of discretion on the circuit judge's part.

## CONCLUSION

¶15. This Court cannot find abuse of discretion on the circuit judge's part when deciding to ultimately dismiss the case for lack of prosecution because there was a clear record of delay, and lesser sanctions were considered. Accordingly, we affirm.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., McCARTY AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**